## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Anastacio Lemus Lopez,<br><br>        Plaintiff,<br><br>     v.<br><br>Minneapolis Police Officers Russell Cragin, Anthony Rodin, Michael Grahn, Angelo Fossum, Stephen McCarty, and Gerald Moore; Minneapolis Chief of Police Janeé Harteau; City of Minneapolis; Monterrey Security Consultants, Inc.; Andrew Hodynsky; SMG; Minnesota Sports Facilities Authority; Minnesota Vikings Football Stadium, LLC: and Minnesota Vikings Football Club, LLC. All individuals being sued in their individual and official capacity,<br><br>        Defendants,<br>     and<br><br>SMG,<br>        Cross-claim Plaintiff,<br>     v.<br><br>Monterrey Security Consultants, Inc. and the City of Minneapolis,<br><br>        Cross-claim Defendants. | Court File No.  17-cv-01179-RHK-KMM<br><br><br><br>**SMG'S ANSWER TO PLAINTIFF LOPEZ'S COMPLAINT**<br>**&**<br>**CROSS-CLAIMS AGAINST MONTERREY SECURITY CONSULTANTS, INC. AND THE CITY OF MINNEAPOLIS** |

## <u>ANSWER</u>

Defendant SMG ("SMG"), for its Answer to the Complaint of Plaintiff Anastacio

Lemus Lopez ("Plaintiff"), denies each and every allegation, statement, matter, and thing

contained in the Complaint, except as is hereinafter expressly admitted, qualifiedly admitted, alleged, or explained, and further responds to the Complaint's specific numbered paragraphs as follows:

## INTRODUCTION

1.      Paragraph 1 contains narrative argument, not factual allegations, and thus no response is required.  To the extent a response is required, SMG states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 1 and therefore denies the same.

2.      Paragraph 2 contains narrative argument, not factual allegations, and thus no response is required.  To the extent a response is required, SMG states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 2 and therefore denies the same.

3.      In response to Paragraph 3 of the Complaint, SMG denies that Plaintiff is entitled to any relief.

4.      In response to Paragraph 4 of the Complaint, SMG states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 4 and therefore denies the same.

## JURISDICTION

5.      The allegations in Paragraph 5 are conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 5.

6.     The allegations in Paragraph 6 are conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6.

7.     The allegations in Paragraph 7 are conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 7.

**VENUE**

8.     The allegations in Paragraph 8 are conclusions of law to which no response is required. To the extent a response is required, SMG admits that it regularly conducts business within the District of Minnesota.  SMG denies the remaining allegations in Paragraph 8.

**PARTIES**

9.     In response to Paragraph 9 of the Complaint, SMG states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 9 and therefore denies the same.

10.     In response to Paragraph 10 of the Complaint, SMG admits that Defendant Russell Cragin is an officer employed by the City of Minneapolis Police Department. The remaining allegations in Paragraph 10 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, SMG states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 10 and therefore denies the same.

11.     In response to Paragraph 11 of the Complaint, SMG admits that Defendant Anthony Rodin is an officer employed by the City of Minneapolis Police Department. The remaining allegations in Paragraph 11 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, SMG states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 11 and therefore denies the same.

12.     In response to Paragraph 12 of the Complaint, SMG admits that Defendant Michael Grahn is a sergeant employed by the City of Minneapolis Police Department. The remaining allegations in Paragraph 12 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, SMG states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 12 and therefore denies the same.

13.     In response to Paragraph 13 of the Complaint, SMG states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Defendant Michael Angelo Fossum is a lieutenant employed by the City of Minneapolis Police Department. The remaining allegations in Paragraph 13 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, SMG states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 13 and therefore denies the same.

14.     In response to Paragraph 14 of the Complaint, SMG admits that Defendant Gerald Moore is a commander employed by the City of Minneapolis Police Department.

The remaining allegations in Paragraph 14 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, SMG states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 14 and therefore denies the same.

15.     In response to Paragraph 15 of the Complaint, SMG admits that Defendant Janeé Harteau is Chief of Police at the Minneapolis Police Department. The remaining allegations in Paragraph 15 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, SMG states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 15 and therefore denies the same.

16.     The allegations in Paragraph 16 are conclusions of law to which no response is required. To the extent a response is required, SMG admits that Minneapolis is a home rule charter city and a political subdivision of the State of Minnesota under the laws and constitution of the State of Minnesota. SMG further admits that Minneapolis is a municipality under Minnesota law with the capacity to sue and be sued. To the extent any response is required to the remaining allegations in Paragraph 16, all of which are conclusions of law to which no response is required, SMG denies such allegations.

17.     In response to Paragraph 17 of the Complaint, SMG admits that Defendant Monterrey Security Consultants ("Monterrey") is an Illinois corporation registered to conduct business in the State of Minnesota; that Monterrey has an office inside the U.S. Bank Stadium at 401 Chicago Avenue, Minneapolis, MN 55415; that Monterrey's corporate headquarters are located at 2232 South Blue Island Avenue, Chicago, IL 60608;

and that Monterrey is the contracted provider of security services at U.S. Bank Stadium in Minneapolis. SMG denies the remaining allegations in Paragraph 17.

18.     In response to Paragraph 18 of the Complaint, SMG admits that SMG is a Pennsylvania general partnership registered to conduct business in the State of Minnesota; that SMG has an office inside the U.S. Bank Stadium at 401 Chicago Avenue, Minneapolis, MN 55415; that SMG's corporate headquarters are located at 300 Conshohocken Road, Suite 450, West Conshohocken, PA 19428; and that SMG is the contracted provider of management services at U.S. Bank Stadium in Minneapolis. The remaining allegations in Paragraph 18 are conclusions of law to which no response is required. To the extent a response is required, SMG denies the remaining allegations in Paragraph 18.

19.     In response to Paragraph 19 of the Complaint, SMG admits that Defendant Andrew Hodynsky is an employee of Monterrey. The remaining allegations in Paragraph 19 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, SMG states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 19 and therefore denies the same.

20.     In response to Paragraph 20 of the Complaint, SMG admits that the Minnesota Sports Facility Authority ("MFSA") was created by the Legislature of the State of Minnesota and that the MFSA owns and operates U.S. Bank Stadium in Minneapolis. SMG further admits that the MFSA contracted with SMG to provide certain management services for U.S. Bank Stadium in Minneapolis, including security

services which SMG subcontracted with Monterrey to provide.  The remaining allegations in Paragraph 20 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, SMG states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 20 and therefore denies the same.

21.     In response to Paragraph 21 of the Complaint, SMG states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Defendant Minnesota Vikings Football Stadium, LLC ("MVFS") is a Delaware limited liability company registered to conduct business in the State of Minnesota and therefore denies the same.  SMG admits that MVFS is an affiliate of the Minnesota Vikings professional football team, whose home venue is U.S. Bank Stadium in Minneapolis.  The remaining allegations in Paragraph 21 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, SMG states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 21 and therefore denies the same.

22.     In response to Paragraph 22 of the Complaint, SMG states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 22 and therefore denies the same.

23.     No response is required to Paragraph 23 of the Complaint.  To the extent a response is required, SMG denies that Plaintiff is entitled to any relief and further denies that discovery will uncover the names of any parties which are liable to Plaintiff.

24.     In response to Paragraph 24 of the Complaint, SMG admits that it engaged Defendants Cragin, Rodin, Grahn, and Moore to work in an off-duty capacity at events held at U.S. Bank Stadium in Minneapolis, including the Minnesota Vikings game on December 1, 2016.   SMG denies that Defendants Cragin, Rodin, Grahn, and Moore committed any of the unlawful or tortious acts or omissions Plaintiff has alleged in his Complaint.   SMG affirmatively states that, to the extent Defendants Cragin, Rodin, Grahn, or Moore (or any of the other individual Defendants) interacted with Plaintiff in relation to his ejection from the Minnesota Vikings game at U.S. Bank Stadium on December 1, 2016, such Defendants were not acting as employees, contractors, or agents of SMG.   The remaining allegations in Paragraph 24 of the Complaint are conclusions of law to which no response is required.   To the extent a response is required, SMG states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 24 and therefore denies the same.

## FACTS

25.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 25 and therefore denies the same.

26.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 26 and therefore denies the same.

27.     In response to Paragraph 27 of the Complaint, SMG admits that the Minnesota Vikings game on December 1, 2016 commenced at approximately 7:30 P.M.

8

Central Standard Time.  SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 27 and therefore denies the same.

28.     In response to Paragraph 28 of the Complaint, SMG affirmatively states that Plaintiff was ejected from the Minnesota Vikings game on December 1, 2016.  SMG further admits that a uniformed Minneapolis police officer instructed Plaintiff that, as part of his ejection, Plaintiff would proceed to the security processing center in U.S. Bank Stadium.  SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity remaining allegations contained in Paragraph 28 and therefore denies the same.

29.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 29 and therefore denies the same.

30.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 30 and therefore denies the same.

31.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 31 and therefore denies the same.

32.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 32 and therefore denies the same.

33.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 33 and therefore denies the same.

34.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 34 and therefore denies the same.

35.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 35 and therefore denies the same.

36.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 36 and therefore denies the same.

37.     In response to Paragraph 37 of the Complaint, SMG admits that a surveillance camera recorded Plaintiff and Defendants Cragin, Rodin, and Hodynsky on December 1, 2016.   That recording speaks for itself.   SMG denies the remaining allegations in Paragraph 37.

38.     In response to Paragraph 38 of the Complaint, SMG admits that a surveillance camera recorded Plaintiff and Defendants Cragin, Rodin, and Hodynsky on December 1, 2016.   That recording speaks for itself.   SMG denies the remaining allegations in Paragraph 38.

39.    SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 39 and therefore denies the same.

40.    SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 40 and therefore denies the same.

41.    SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 41 and therefore denies the same.

42.    SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 42 and therefore denies the same.

43.    SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 43 and therefore denies the same.

44.    SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 44 and therefore denies the same.

45.    SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 45 and therefore denies the same.

46.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 46 and therefore denies the same.

47.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 47 and therefore denies the same.

48.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 48 and therefore denies the same.

49.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 49 and therefore denies the same.

50.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 50 and therefore denies the same.

51.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 51 and therefore denies the same.

52.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 52 and therefore denies the same.

53.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 53 and therefore denies the same.

54.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 54 and therefore denies the same.

55.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 55 and therefore denies the same.

56.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 56 and therefore denies the same.

57.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 57 and therefore denies the same.

58.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 58 and therefore denies the same.

59.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 59 and therefore denies the same.

60.    SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 60 and therefore denies the same.

61.    SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 61 and therefore denies the same.

62.    SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 62 and therefore denies the same.

63.    SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 63 and therefore denies the same.

64.    SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 64 and therefore denies the same.

65.    SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 65 and therefore denies the same.

66.    SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 66 and therefore denies the same.

67.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 67 and therefore denies the same.

68.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 68 and therefore denies the same.

69.     In response to Paragraph 69, SMG admits that Plaintiff was transported to Hennepin County Jail and alleges that Plaintiff has been charged with violating Minn. Stat. § 609.504.  SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 69 and therefore denies the same.

70.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 70 and therefore denies the same.

71.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 71 and therefore denies the same.

72.     SMG lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in Paragraph 72 and therefore denies the same.

## COUNT I
## 42 U.S.C. § 1983 EXCESSIVE USE OF FORCE
### Plaintiff Against Defendants Cragin and Rodin

73.    In response to the restated allegations in Paragraph 73 of the Complaint, SMG restates and incorporates herein by reference its responses to Paragraphs 25 through 72 of the Complaint.

74.    Paragraph 74 pertains to a claim that has not been asserted against SMG, either directly or indirectly, and therefore, no response is required.  To the extent a response is required, SMG denies the allegations contained in Paragraph 74 of the Complaint.

## COUNT II
## 42 U.S.C. § 1983 MONELL CLAIMS
### Plaintiff Against City of Minneapolis, Janeé Harteau, Monterrey Security Consultants, Inc., SMG, Minnesota Sports Facilities Authority, Minnesota Vikings Football Stadium, LLC, and Minnesota Vikings Football Club, LLC

75.    In response to the restated allegations in Paragraph 75 of the Complaint, SMG restates and incorporates herein by reference its responses to Paragraphs 25 through 74 of the Complaint.

76.    The allegation in Paragraph 76 of the Complaint that SMG owed a "duty to properly supervise [its] employees and agents" is a conclusion of law to which no response is required. To the extent a response is required, SMG denies this allegation. SMG further denies that it breached any such duty in any way, including in the manner alleged in subparts (a) and (b) of Paragraph 76.

77.    SMG denies the allegations contained in Paragraph 77 of the Complaint.

78.    SMG denies the allegations contained in Paragraph 78 of the Complaint.

16

79.     SMG denies the allegations contained in Paragraph 79 of the Complaint..

**COUNT III**
**42 U.S.C. § 1985 – Conspiracy to Deprive Plaintiffs [sic] of Rights**
**Plaintiff Against Defendants Cragin, Rodin, Hodynsky, McCarty, Grahn**

80.     In response to the restated allegations in Paragraph 80 of the Complaint, SMG restates and incorporates herein by reference its responses to Paragraphs 25 through 79 of the Complaint.

81.     Paragraph 81 pertains to a claim that has not been asserted against SMG, either directly or indirectly, and therefore, no response is required.  To the extent a response is required, SMG denies the allegations contained in Paragraph 81 of the Complaint.

82.     Paragraph 82 pertains to a claim that has not been asserted against SMG, either directly or indirectly, and therefore, no response is required.  To the extent a response is required, SMG denies the allegations contained in Paragraph 82 of the Complaint.

83.     Paragraph 83 pertains to a claim that has not been asserted against SMG, either directly or indirectly, and therefore, no response is required.  To the extent a response is required, SMG denies the allegations contained in Paragraph 83 of the Complaint.

84.     Paragraph 84 pertains to a claim that has not been asserted against SMG, either directly or indirectly, and therefore, no response is required.  To the extent a response is required, SMG denies the allegations contained in Paragraph 84 of the Complaint.

## COUNT IV
### Assault
**Plaintiff against Russell Cragin, Anthony Rodin, and Andrew Hodynsky**

85.      In response to the restated allegations in Paragraph 85 of the Complaint, SMG restates and incorporates herein by reference its responses to Paragraphs 25 through 84 of the Complaint.

86.      Paragraph 86 pertains to a claim that has not been asserted against SMG, either directly or indirectly, and therefore, no response is required.   To the extent a response is required, SMG denies the allegations contained in Paragraph 86 of the Complaint.

87.      Paragraph 87 pertains to a claim that has not been asserted against SMG, either directly or indirectly, and therefore, no response is required.   To the extent a response is required, SMG denies the allegations contained in Paragraph 87 of the Complaint.

88.      Paragraph 88 pertains to a claim that has not been asserted against SMG, either directly or indirectly, and therefore, no response is required.   To the extent a response is required, SMG denies the allegations contained in Paragraph 88 of the Complaint.

## COUNT V
### Battery
**Plaintiff against Russell Cragin, Anthony Rodin, and Andrew Hodynsky**

89.      In response to the restated allegations in Paragraph 89 of the Complaint, SMG restates and incorporates herein by reference its responses to Paragraphs 25 through 88 of the Complaint.

18

90.     Paragraph 90 pertains to a claim that has not been asserted against SMG, either directly or indirectly, and therefore, no response is required.  To the extent a response is required, SMG denies the allegations contained in Paragraph 90 of the Complaint.

91.     Paragraph 91 pertains to a claim that has not been asserted against SMG, either directly or indirectly, and therefore, no response is required.  To the extent a response is required, SMG denies the allegations contained in Paragraph 91 of the Complaint.

## PRAYER FOR RELIEF

92.     SMG denies the allegations contained in Plaintiff's Prayer for Relief and affirmatively states that Plaintiff is entitled to no relief.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred because no evidence exists showing that Plaintiff suffered a constitutional violation or that SMG (or any other party) employed a policy that is objectively deliberately indifferent to the likelihood that a constitutional violation would occur.

3.     Plaintiff's claims are barred because any alleged actions taken against Plaintiff were justified and/or constituted a reasonable use of force.

4.     Plaintiff's claims are barred because the individuals and/or entities committing any alleged acts or omissions against Plaintiff are immune, or qualifiedly immune, from liability.

5.      Plaintiff's claims are barred, in whole or in part, by his own conduct, omissions, recklessness, negligence, comparative fault, and/or illegal acts.

6.      Plaintiff's claims are barred under the doctrine of unclean hands.

7.      Plaintiff's damages, if any, were caused in whole, or in part, by his own conduct and/or by the acts or omissions of others for whom and over whom SMG is not responsible and whose conduct SMG had no reason to anticipate.

8.      Any alleged conduct or omission by SMG is not the cause in fact or proximate cause of any damages alleged by Plaintiff.

9.      Plaintiff's claims are barred under the doctrines of laches, waiver, and/or estoppel.

10.      Plaintiff's claims are barred because of insufficient service of process on SMG, a Pennsylvania general partnership.

11.      Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing, authority, and/or legal capacity necessary to assert such claims.

12.      Plaintiff's claims are barred because he violated criminal statutes and voluntarily assumed all risks, responsibility, and liability for the injuries which were the natural and probable result of such violations.

13.      Plaintiff's damages, if any, were proximately caused by the superseding and intervening acts of parties other than SMG.

14.      Plaintiff has failed to mitigate damages he may have sustained, and any recovery must be reduced by those damages that Plaintiff failed to mitigate.

15.     SMG reserves the right to amend this Answer and rely upon any affirmative defenses disclosed by further investigation and discovery or asserted by other parties.

**WHEREFORE**, SMG requests the following relief as it relates to its Answer to the Complaint of Plaintiff Anastacio Lemus Lopez:

A.     Dismissing the Complaint against SMG with prejudice and on the merits;

B.     Awarding SMG its attorneys' fees and costs incurred in this action; and

C.     Awarding SMG such other relief as the Court deems just and equitable.

\*\*\*

## CROSS-CLAIMS

Cross-claim Plaintiff SMG ("SMG"), for its cross-claims against Cross-claim Defendants Monterrey Security Consultants ("Monterrey") and the City of Minneapolis, states and alleges as follow:

### NATURE OF THE CASE

1.     SMG denies that Plaintiff Anastacio Lemus Lopez ("Plaintiff") is entitled to any of the relief he seeks in his Complaint.  However, should SMG be found to be liable in any manner to Plaintiff, SMG is entitled to indemnity and/or contribution from Monterrey and the City of Minneapolis for any damages, costs, and attorney's fees awarded to Plaintiff.

## PARTIES

2.      SMG, a Pennsylvania general partnership, is the world leader in venue management, marketing, and development.  Pursuant to an agreement with the Minnesota Sports Facilities Authority ("MFSA"), SMG has provided management services and pre-opening services in relation to U.S. Bank Stadium in Minneapolis since 2014.

3.      Monterrey, an Illinois corporation, provides private security services. Pursuant to agreements with SMG, Monterrey has performed crowd management and other security services in relation to U.S. Bank Stadium in Minneapolis since 2016.

4.      The City of Minneapolis, a Minnesota home rule charter city and political subdivision of the State of Minnesota under the laws and constitution of the State of Minnesota, is the legal entity responsible for the Minneapolis Police Department.

## JURSIDICTION & VENUE

5.      This Court has supplemental jurisdiction over SMG's cross-claims pursuant to 28 U.S.C. § 1367(a) because SMG's cross-claims are so related to Plaintiff's federal statutory claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the alleged events or omissions giving rise to SMG's cross-claims occurred within this judicial district.

## FACTUAL BACKGROUND

7.      SMG's contract with the MFSA requires SMG to arrange for security and crowd control at certain events taking place at U.S. Bank Stadium.

8.    To provide such security and crowd control, SMG has engaged Monterrey and off-duty officers of the Minneapolis Police Department.

### Agreements between SMG and Monterrey

9.    In March 2016, SMG entered into two written agreements with Monterrey concerning security and crowd control at U.S. Bank Stadium: (1) an Agreement for Crowd Management Services; and (2) an Agreement for Twenty-Four Hour Security Services.

10.    Each agreement contains an indemnification provision, which requires Monterrey to protect, indemnify, defend, and hold harmless SMG.

11.    This indemnification provision is substantively identical in both agreements and reads, in relevant part, as follows:

> To the fullest extent permitted by Law, [Monterrey] shall protect, indemnify, defend and hold harmless SMG, the Authority (Minnesota Sports Facility Authority), the Vikings, (Minnesota Vikings Football Stadium, LLC and Minnesota Vikings Football, LLC), and each of their respective parents, subsidiaries and affiliates and their respective owners, partners, members, managers, shareholders, officers, directors, employees, agents, servants, heirs, successors, assigns, administrators, personal representatives and other representatives (collected the "Indemnified Parties") from and against any and all claims, losses, liabilities, demands, damages, obligations, fines, penalties, awards, judgments, costs, and expenses (including reasonable attorney's fees), in Law or in equity, for bodily injury, personal injury, illness, disease, death, damage to property or other loss, arising from, in connection with, or incident to any claim, demand, investigation, or suit of any kind or nature which any entity or person (including employees or agents of [Monterrey]) may make against any of the Indemnified Parties, arising from, in connection with, or incident to:  the Services, whether by act or omission, provided by or to be provided by, [Monterrey];

[Monterrey's] failure to comply with any and all contractual obligations hereunder, or any Laws (federal, state, foreign, local and municipal regulations, ordinances, statutes, rules, laws and constitutional provisions applicable to [Monterrey's] Services); any unlawful act on the part of [Monterrey], its officers, agents, employees and subcontractors; or the breach or default by [Monterrey] of this Agreement.

It is the intent of SMG and [Monterrey] that all obligations set forth in this [Section] be without limit and without regard as to the negligence or other liability or alleged negligence or other liability of any party or parties, including an Indemnified Party, whether such negligence or other liability or alleged negligence or other liability be sole, joint or concurrent, active or passive. [Monterrey] specifically agrees that its obligations in this [Section] include indemnification of an Indemnified Party that engages in negligent conduct or is otherwise liable or alleged to be negligent or otherwise liable. The indemnification obligations of [Monterrey] are not limited or in any way affected by the insurance requirements set forth in this Agreement.

### Agreements between
### SMG and Defendants Cragin, Rodin, Grahn, and Moore

12.     In June 2016, SMG contracted with Defendants Cragin, Rodin, Grahn, and Moore,[1] each of whom is an officer in the Minneapolis Police Department, to work in an off-duty capacity at events held at U.S. Bank Stadium.

13.     Each officer's written agreement with SMG contains language specifying that the officer is not an employee of SMG when "acting in the Officer's official capacity as a law enforcement officer."

14.     Each officer's written agreement with SMG also contains a provision governing SMG's liability with respect to injuries others allegedly suffer when the

---

[1] Plaintiff has listed Commander Gerald Moore as a Defendant in the present lawsuit. Plaintiff, however, has not asserted any claims against Commander Moore.

Officer is working for SMG.  This provision reads as follows:

> The Officer automatically becomes an employee of the City [of Minneapolis], the Officer is deemed to be acting in the Officer's official capacity as a law enforcement officer, and the City [of Minneapolis] is responsible for the Officer's actions resulting in worker's compensation or claims against the Officer, under the following circumstances, even if the Officer is working off-duty for SMG immediately prior to taking such action:
>
>> (a) Any such injury arising from actions taken by the Officer in the course and scope of duties of a sworn Minneapolis Police Officer in response to event originating off the premises of the stadium.
>>
>> (b) Any such injury arising from actions taken by the Officer in the course and scope of duties of a sworn Minneapolis Police Officer in response to events originating on the premises of the Stadium, including while (i) engaging in use of force to the extent authorized under Minnesota Statute 609.06 and Minneapolis Police Department policies and procedures; (ii) effecting the arrest of a person when the Officer has probable cause to believe such person has committed a felony; or (iii) preparing reports or other required follow-up activities relating to any of (i) and (ii).
>
> Solely for purposes of illustration, if an the [sic] Officer while off-duty for SMG at the Stadium takes an action that would normally follow a 911 call if the Officer was not already present on the premises of the Stadium, the Officer is deemed to be acting on behalf of the Minneapolis Police Department and not SMG.

15.   Each officer's written agreement with SMG also specifies that SMG is not responsible for the Officer's training:

> SMG is not responsible for, and disclaims responsibility for, training, supervision, control, right to control or authority with respect to the Officer's performance as a Minneapolis Police Officer.  The Officer understands, acknowledges and

agrees that SMG . . . [is] not engaged in the law enforcement profession, and [is] relying on the Officer to work off-duty at the Stadium exercising the standard of care expected of a professional police officer qualified to work in the City [of Minneapolis].

### Plaintiff's Claims

16.     In his Complaint, Plaintiff alleges that he suffered injuries resulting "from the excessive use of force against Plaintiff by officers of the Minnesota [sic] Police Department and an employee of Monterrey Security."

17.     Plaintiff alleges that this "excessive use of force" occurred while he was being ejected from a Minnesota Vikings game at U.S. Bank Stadium in Minneapolis on December 1, 2016.

18.     Plaintiff's Complaint lists five counts:

   a.     Count I is titled "42 U.S.C. § 1983 Excessive Use of Force" and purports to be asserted against Defendants Cragin and Rodin.

   b.     Count II is titled "42 U.S.C. § 1983 Monell Claims" and purports to be asserted against SMG, Monterrey, the City of Minneapolis, and several others.

   c.     Count III is titled "42 U.S.C. § 1985 – Conspiracy to Deprive Plaintiffs [sic] of Rights" and purports to be asserted against Defendants Cragin, Rodin, Hodynsky, McCarty, and Grahn.

   d.     Count IV is titled "Assault" and purports to be asserted against Defendants Cragin, Rodin, and Hodynsky.

   e.     Count V  is titled "Battery" and purports to be asserted against

Defendants Cragin, Rodin, and Hodynsky.

19.     Defendant Hodynsky was an employee of Monterrey on December 1, 2016 and at all points during which he is alleged to have interacted with Plaintiff.

20.     Prior to their alleged interaction with Plaintiff on December 1, 2016, Defendants Cragin, Rodin, Grahn, and Moore were working for SMG in an off-duty capacity at the Minnesota Vikings game at U.S. Bank Stadium.

21.     Pursuant to their aforementioned written agreements with SMG—as well as other legal authority, including established rules, regulations, ordinances, policies, and procedures of the City of Minneapolis and the Minneapolis Police Department concerning off-duty employment—Defendants Cragin, Rodin, Grahn, and Moore automatically became employees of the City of Minneapolis, and ceased being employees or agents of SMG, as soon as they participated in the ejection and subsequent arrest of Plaintiff.

22.     Since Defendants Hodynsky, Cragin, Rodin, Grahn, and Moore were not employees or agents of SMG during their interaction with Plaintiff on December 1, 2016 and at all points thereafter, SMG is not, and cannot be held, liable for any of the conduct Plaintiff alleges that these Defendants committed.

23.     Accordingly, while SMG denies that Plaintiff suffered any damages, it is entitled to indemnification and/or contribution from Monterrey and the City of Minneapolis in relation to Plaintiff's claims.

## CAUSES OF ACTION

### Count 1 – Indemnification from Monterrey

24.     Paragraphs 1 through 23 are incorporated herein by reference as if fully set forth.

25.     SMG is free from any fault or liability in relation to Plaintiff's alleged damages, and SMG denies that Plaintiff is entitled to any relief whatsoever.

26.     The aforementioned agreements between SMG and Monterrey are valid and binding agreements under Minnesota law.

27.     SMG has performed all of its obligations under its agreements with Monterrey.

28.     Pursuant to its agreements with SMG, Monterrey is obligated to protect, indemnify, defend, and hold harmless SMG from any and all claims, losses, liabilities, demands, damages, obligations, fines, penalties, awards, judgments, costs, and expenses (including reasonable attorney's fees) related to actions or omissions of Monterrey's employees and agents, including Defendant Hodynsky.

29.     Plaintiff's claims in the present lawsuit falls within the scope of Monterrey's indemnification obligations under the agreements between SMG and Monterrey.

30.     Therefore, SMG is entitled to complete indemnification from Monterrey for all of its attorney's fees, costs, and disbursements incurred in relation to Plaintiff's claims.

31.     Further, to the extent SMG is found liable to Plaintiff based on or related to

the actions or omissions of Monterrey or any of Monterrey's employees or agents, including Defendant Hodynsky, SMG's liability would be derivative or vicarious to Monterrey's liability and/or would have resulted because of a breach of a duty that Monterrey owes to SMG.

32.     Accordingly, SMG is entitled pursuant to the parties' agreements and Minnesota law to complete indemnification from Monterrey for any and all damages, costs, and/or attorney's fees awarded against SMG.

33.     SMG seeks judgment against Monterrey, entitling it to the indemnification described above.

## Count 2 – Indemnification from the City of Minneapolis

34.     Paragraphs 1 through 33 are incorporated herein by reference as if fully set forth.

35.     SMG is free from any fault or liability in relation to Plaintiff's alleged damages, and SMG denies that Plaintiff is entitled to any relief whatsoever.

36.     To the extent SMG is found liable to Plaintiff based on or related to the actions or omissions of the City of Minneapolis or any of the City of Minneapolis' employees, including Defendants Cragin, Rodin, Grahn, and Moore, SMG's liability would be derivative or vicarious to the City of Minneapolis' liability and/or would have resulted because of a breach of a duty that the City of Minneapolis owes to SMG.

37.     Accordingly, SMG is entitled pursuant to Minnesota law to complete indemnification from the City of Minneapolis for any and all damages, costs, and/or attorney's fees awarded against SMG.

38.     Accordingly, SMG seeks judgment against the City of Minneapolis, entitling it to the indemnification described above.

### Count 3 – Contribution from Monterrey & the City of Minneapolis

39.     Paragraphs 1 through 38 are incorporated herein by reference as if fully set forth.

40.     SMG is free from any fault or liability in relation to Plaintiff's alleged damages, and SMG denies that Plaintiff is entitled to any relief whatsoever.

41.     Although SMG denies that it committed any wrongdoing, if Plaintiff was damaged as alleged, then Plaintiff's damages were caused in whole or in part by the actions or omissions of Monterrey, the City of Minneapolis, and/or their respective employees and agents, including Defendants Hodynsky, Cragin, Rodin, Grahn, and Moore.

42.     Accordingly, to the extent SMG is found liable to Plaintiff, SMG is entitled to contribution from Monterrey and/or the City of Minneapolis for any damages, costs, and attorney's fees.

43.     SMG seeks judgment against Monterrey and the City of Minneapolis, determining that any damages owed to Plaintiff are not the responsibility of SMG.

**WHEREFORE**, SMG requests the following relief as it relates to its Cross-claims against Monterrey and the City of Minneapolis:

A.     Judgment against Monterrey, awarding SMG the attorney's fees, costs, and disbursements SMG incurred in relation to Plaintiff's claims.

B.      In the event SMG is found liable to Plaintiff in any respect, judgment against Monterrey entitling SMG to indemnification from Monterrey for all damages, costs, and attorney's fees awarded to Plaintiff.

C.      In the event SMG is found liable to Plaintiff in any respect, judgment against Monterrey entitling SMG to contribution from Monterrey for Monterrey's share of all damages, costs, and attorney's fees awarded to Plaintiff.

D.      In the event SMG is found liable to Plaintiff in any respect, judgment against the City of Minneapolis entitling SMG to indemnification from the City of Minneapolis for all damages, costs, and attorney's fees awarded to Plaintiff.

E.      In the event SMG is found liable to Plaintiff in any respect, judgment against the City of Minneapolis entitling SMG to contribution from the City of Minneapolis for the City of Minneapolis' share of all damages, costs, and attorney's fees awarded to Plaintiff.

F.      An award to SMG of such other and further relief as the Court deems just and equitable.

Dated:  June 21, 2017          **MASLON LLP**

By: *s/Martin S. Fallon*
      Martin S. Fallon (#030301X)
      John T. Duffey (#0392157)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-4140
Telephone:  (612) 672-8200
Fax:  (612) 642-8356

Email:    martin.fallon@maslon.com
        john.duffey@maslon.com

**ATTORNEYS FOR DEFENDANT/ CROSS-
CLAIM PLAINTIFF SMG**

4813-9804-9866