# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Anastacio Lemus Lopez, | Case No. 17-cv-01179 (PAM/TNL) |
| Plaintiff, | **PLAINTIFF ANASTACIO LOPEZ'S OBJECTIONS AND RESPONSES TO HENNEPIN COUNTY DEFENDANTS' INTERROGATORIES** |
| v. | |
| Minnesota Vikings Football, LLC, et al., | |
| Defendants. | |

---

TO: Defendants Hennepin County, David J. Hough, Richard W. Stanek, and Michael O. Freeman (the "Defendants"), by and through their attorneys of record, Christiana M. Martenson, Hennepin County Attorney's Office - Civil Division, A-2000 Government Center, 300 South Sixth Street, Minneapolis, MN 55487.

Plaintiff Anastacio Lopez serves his answers and objections to the Hennepin County Defendants' Interrogatories to Plaintiff pursuant to Federal Rule of Civil Procedure 33.

Dated: 4/28/2018     s/ Michael P. Nadimi

MICHAEL P. NADIMI (0397353)
The Nadimi Law Group, LLC
IDS Center
80 South 8th Street, Suite 900
Minneapolis, MN 55402
(612) 348-2925
mail@nadimilaw.com

MICHAEL S. MARTINEZ (pro hac vice)
Martinez Hsu, P.C.
4001 Airport Freeway, Suite 150
Bedford, Texas 76021
(682) 224-7810
msmartinez@mhlegalgroup.com

*Attorneys for Plaintiff Anastacio Lemus Lopez*

# RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please describe your employment history for the past 10 years and in each case please identify the name and address of each employer, the period when you were employed, the nature of your employment, and your highest attained wage or salary earned.

> **RESPONSE:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome. Plaintiff further objects to this Interrogatory for the reason it seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 2:**

Please state the names and addresses of all care providers (including without limitation physicians, surgeons, psychologists, psychiatrists, professional counselors, therapists, chiropractors, optometrists, clinics, and hospitals) who have examined or treated you from December 1, 2011 to the present, and please describe the nature of the illness, disease, injury, or problem for which you were examined or treated by each care provider, as well as the dates of treatment.

> **RESPONSE:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome. Plaintiff further objects to this Interrogatory for the reason it seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.
>
> Plaintiff has seen various physicians at various minor emergency centers for minor ailments. Plaintiff had one ankle surgery in 2013. Other than this, Plaintiff has had no significant injuries, diseases, procedures, or any other kind of medical treatment other than ordinary medical check-ups, colds or other minor ailments aside from the injuries and treatment relating to this case.
>
> Samiur Khandker, MD
> 400 Rosalind Redfern Grover Parkway
> Midland, TX 79701
> 432-221-5252
> Injuries to head and body, nausea
> December 6, 2016
>
> Brian Beauvais, PA-C
> 400 Rosalind Redfern Grover Parkway
> Midland, TX 79701
> 432-221-1558
> Injuries to head and body, nausea
> December 6, 2016
>
> Jerri Kounce, LPC-S, NCC

       4500 W. Illinois Ave.
       Midland, TX
       797-553-4697
       Psychological/physiological distress/PTSD symptoms
       September 20, 2017 and weekly thereafter

**INTERROGATORY NO. 3:**

Please identify all pharmacies where you have filled prescriptions from December 1, 2011 to the present.

    **RESPONSE:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome. Plaintiff further objects to this Interrogatory for the reason it seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 4:**

Please set forth in detail each conversation that you, your family, your friends, or other persons had with any of the Hennepin County Defendants or their employees, contractors, or agents to the extent such conversation refers or relates to the allegations in the First Amended Complaint. In so doing, please identify the time and place of each conversation, who was present, and what was said by each person present.

    **RESPONSE:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome. Plaintiff further objects to this Interrogatory for the reason it seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5:**

Please describe with specificity the injuries and damages that you allege you sustained as result of the actions and omissions of the Hennepin County Defendants as described in the First Amended Complaint, including the total amount of damages that you claim in this lawsuit. In so doing, please address each of the following categories of damages, as well as any other categories of damages that you claim:
    (a) If you claim expenses, please itemize all expenses incurred by you ( or on your behalf) that you claim as damages in this action, including without limitation expenses related to hospital services, medical providers, medications, or any other medical treatment.
    (b) If you claim lost earnings, please describe the amount of loss and the period over which the loss occurred.
    (c) If you claim diminution or loss of earning capacity, please detail your employer, wage rate, length of time disabled, and any other basis for your claim, providing the amount of loss of earning capacity which you are claiming and stating how its present value is calculated.

(d) If you claim future expenses, including medical expenses, please provide the basis for your claim, including an itemization of the future expenses that you expect to incur and stating how you calculate the present value of such expenses.

**RESPONSE:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff objects to this Interrogatory to the extent that it requires that Plaintiff to "set forth in detail " requires Defendant to marshal all of his evidence as improper. Plaintiff will state the general basis for his claims. Subject to and without waiving this objection, Plaintiff refers defendants to the factual narrative in his Complaint, as amended from time to time.

## INTERROGATORY NO. 6:

For each call listed on the ADC telephone log, attached as Exhibit A to these Interrogatories, please identify the name, address, and current telephone number for the party who you called and/or with whom you spoke.

**RESPONSE:** Below are the known contacts from the list.

4221 and 1444-Ignacio Lopez: 6800 Elkins Road #C Midland, Texas 79705
7311-Kayla: Herrera, 6800 Elkins Road #C Midland, Texas 79705
1611-Rufino Lopez, 6800 Elkins Road #C Midland, Texas 79705
9762- Gabriel Lopez, 1301 Lynn Ave Midland, Texas 79705
7495- Michael Martinez, Attorney, 4001 Airport Freeway, Suite 150 Bedford, Texas 76021
7444-Michael Nadimi, Attorney, 80 S. 8th Street, Suite 900, Minneapolis, MN 55402

## INTERROGATORY NO. 7:

Please set forth in detail all facts and evidence on which you base the allegations in paragraph 74 of the First Amended Complaint. Your answer should include (without limitation) a detailed description of your conversations and interactions with any Hennepin County Defendant; any employee, contractor, or agent of any Hennepin County Defendant; any employee, contractor, or agent of Hennepin Healthcare Systems, Inc., Hennepin County Medical Center, or Jail Health Services; and any doctor, nurse, or other medical personnel at the ADC. In describing your conversations and interactions as requested, please state (without limitation) when and where each conversation and interaction took place, what was said or done, and what, if any, witnesses were present.

**RESPONSE:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff objects to this Interrogatory to the extent that it requires that Plaintiff to "set forth in detail all facts and evidence" requires Defendant to marshal all of his evidence as improper. Plaintiff will state the general basis for his claims. Subject to and without waiving this objection, Plaintiff refers defendants to the factual narrative in his Complaint, as amended from time to time.

**INTERROGATORY NO. 8:**

Please set forth in detail each request for medical attention that you allegedly made as described in paragraph 74 of the First Amended Complaint. Your answer should include (without limitation) the day and approximate time when you made each request; how you made each request (e.g., orally, in writing); where you were when you made each request; the substance of each request (e.g., what you specifically said or wrote); to whom you made each request; and what was said or done in response to each request.

> **RESPONSE:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff objects to this Interrogatory to the extent that it requires that Plaintiff to "set forth in detail each request for medical attention" requires Defendant to marshal all of his evidence as improper. Plaintiff will state the general basis for his claims. Subject to and without waiving this objection, Plaintiff refers defendants to the factual narrative in his Complaint, as amended from time to time.

**INTERROGATORY NO. 9:**

Please set forth in detail all identifying information or characteristics known to you about any individual whom you allege ignored or denied your request(s) for medical attention as described in paragraph 74 of the First Amended Complaint. Your answer should include (without limitation) information about the physical appearance of each individual (including, e.g., race and skin color, gender, approximate height and weight, hair color and length, eye color, facial hair, tattoos, piercings, and glasses); the job or role being performed by each individual; the individual's title; the entity for whom the individual worked; the day(s) and approximate time(s) when you spoke with or otherwise interacted with each individual; and the specific location (e.g., housing quad or module, courtroom, booking area, medical room) where each conversation or interaction took place.

> **ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff objects to this Interrogatory to the extent that it requires that Plaintiff to "set forth in detail all identifying information or characteristics" requires Defendant to marshal all of his evidence as improper. Plaintiff will state the general basis for his claims. Subject to and without waiving this objection, Plaintiff refers defendants to the factual narrative in his Complaint, as amended from time to time.

**INTERROGATORY NO. 10:**

Please describe with specificity all injuries you sustained as a result of the alleged failure of the Hennepin County Defendants to provide you with adequate medical attention and treatment, as described in paragraph 74 of the First Amended Complaint. Your answer should include (without limitation) a detailed description of each injury that you allege, the specific symptoms that you

experienced in connection with that injury, when the injury was sustained, when the injury healed, all medical treatment received for that injury, and the current status of that injury.

> **ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff objects to this Interrogatory to the extent that it requires that Plaintiff to "describe with specificity all injuries" requires Defendant to marshal all of his evidence as improper. Plaintiff will state the general basis for his claims. Subject to and without waiving this objection, Plaintiff refers defendants to the factual narrative in his Complaint, as amended from time to time.

## INTERROGATORY NO. 11:

Please set forth in detail all facts and evidence on which you base your claims that the actions and/or omissions of the Hennepin County Defendants caused you to sustain injuries or damages as alleged in the First Amended Complaint.

> **RESPONSE:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff objects to this Interrogatory to the extent that it requires that Plaintiff to "set forth in detail all facts and evidence" requires Defendant to marshal all of his evidence as improper. Plaintiff will state the general basis for his claims. Subject to and without waiving this objection, Plaintiff refers defendants to the factual narrative in his Complaint, as amended from time to time.

## INTERROGATORY NO. 12:

Please set forth in detail all facts and evidence on which you base your claims that the policies, procedures, and/or customs of the Hennepin County Defendants caused you to sustain injuries or damages as alleged in the First Amended Complaint.

> **RESPONSE:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff objects to this Interrogatory to the extent that it requires that Plaintiff to "set forth in detail all facts and evidence" requires Defendant to marshal all of his evidence as improper. Plaintiff will state the general basis for his claims. Subject to and without waiving this objection, Plaintiff refers defendants to the factual narrative in his Complaint, as amended from time to time.

## INTERROGATORY NO. 13:

Please set forth in detail all facts and evidence on which you base your claims that the hiring, retention, training, or supervision by the Hennepin County Defendants caused you to sustain injuries or damages as alleged in the First Amended Complaint.

> **RESPONSE:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff objects to this Interrogatory to the extent that it requires that Plaintiff to "set forth in detail all facts and evidence" requires Defendant to marshal all of his evidence as improper. Plaintiff will state the general basis for his claims. Subject to and without waiving this objection, Plaintiff refers defendants to the factual narrative in his Complaint, as amended from time to time.

## INTERROGATORY NO. 14:

Please set forth in detail all facts and evidence on which you base your claims that the Hennepin County Defendants engaged in an illegal conspiracy.

> **RESPONSE:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff objects to this Interrogatory to the extent that it requires that Plaintiff to "set forth in detail all facts and evidence" requires Defendant to marshal all of his evidence as improper. Plaintiff will state the general basis for his claims. Subject to and without waiving this objection, Plaintiff refers defendants to the factual narrative in his Complaint, as amended from time to time.

## INTERROGATORY NO. 15:

Please set forth in detail all facts and evidence on which you base your claims that the Hennepin County Defendants are liable for false imprisonment.

> **RESPONSE:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff objects to this Interrogatory to the extent that it requires that Plaintiff to "set forth in detail all facts and evidence" requires Defendant to marshal all of his evidence as improper. Plaintiff will state the general basis for his claims. Subject to and without waiving this objection, Plaintiff refers defendants to the factual narrative in his Complaint, as amended from time to time.

## INTERROGATORY NO. 16:

Please set forth in detail all facts and evidence on which you base your claims that the Hennepin County Defendants are liable for malicious prosecution.

> **RESPONSE:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff objects to this Interrogatory to the extent that it requires that Plaintiff to "set forth in detail all facts and evidence" requires Defendant to marshal all of his evidence as improper. Plaintiff will state the general basis for his claims. Subject to and without

waiving this objection, Plaintiff refers defendants to the factual narrative in his Complaint, as amended from time to time.

**INTERROGATORY NO. 17:**

Please set forth in detail all facts and evidence on which you base your claims that the Hennepin County Defendants are liable for negligence. Your answer should include (without limitation) each and every individual and entity you claim was negligent or deviated from the applicable standard(s) of care, and as to each such individual and entity, please state the negligent acts or omissions and/or deviation from the applicable standard(s) of care that you allege, as well as the causal relationship of such negligence or deviation to the injuries and damages claimed by you.

> **RESPONSE:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff objects to this Interrogatory to the extent that it requires that Plaintiff to "set forth in detail" requires Defendant to marshal all of his evidence as improper. Plaintiff will state the general basis for his claims. Subject to and without waiving this objection, Plaintiff refers defendants to the factual narrative in his Complaint, as amended from time to time.

**INTERROGATORY NO. 18:**

Please identify all documents (including, without limitation, all writings, audio and video recordings, emails, Facebook posts and messages, text messages, voicemails, and electronically-stored information) known to you which may be relevant to any of the issues in this lawsuit.

> **RESPONSE:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts and evidence relating to his claims. Plaintiff objects to this Interrogatory to the extent that it requires that Plaintiff to "identify all documents" requires Defendant to marshal all of his evidence as improper. Plaintiff will state the general basis for his claims. Subject to and without waiving this objection, Plaintiff refers defendants to his responses to requests for production to the various defendants.

**INTERROGATORY NO. 19:**

Please identify any third-party sources who have paid or reimbursed (or are obligated to pay or reimburse) any past, present, or future expenses or losses claimed as damages in this case. For purposes of this Interrogatory, third-party sources include, but are not limited to, the following:
(a) Any federal, state, or local disability provider or Worker's Compensation Act, or any other public program which covers expenses or services;
(b) Any health or accident insurance, disability insurance, or liability insurance;
(c) Any contract or agreement of an organization or business entity to pay or provide reimbursement for expenses or services; and
(d) Contractual or voluntary wage continuation.

---

Plaintiff's Responses to Hennepin Interrogatories                                           Page **8**

In answering this Interrogatory, please include the names and addresses of all third-party sources, the nature or source of the third-party obligations to pay expenses or losses, and whether such third-party sources claim or are entitled to claim a right of subrogation.

> **RESPONSE:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts and evidence relating to his claims. Plaintiff objects to this Interrogatory to the extent that it requires that Plaintiff to "identify any third-party sources" requires Defendant to marshal all of his evidence as improper. Plaintiff will state the general basis for his claims. Subject to and without waiving this objection, Plaintiff refers defendants to his responses to requests for production to the various defendants.

**INTERROGATORY NO. 20:**

Please identify all expenses which have actually been reimbursed or paid by any third-party source(s) identified in Interrogatory No. 19.

> **RESPONSE:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts and evidence relating to his claims. Plaintiff objects to this Interrogatory to the extent that it requires that Plaintiff to "identify all expenses" requires Defendant to marshal all of his evidence as improper. Plaintiff will state the general basis for his claims. Subject to and without waiving this objection, Plaintiff refers defendants to his responses to requests for production to the various defendants.

**INTERROGATORY NO. 21:**

For the period from December 1, 2014 to the present, please identify all amounts that were paid, contributed, or forfeited by (or on behalf of) you or members of your immediate family to secure the right to receive payment or reimbursement from each third-party source identified in Interrogatory No. 19.

> **RESPONSE:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts and evidence relating to his claims. Plaintiff objects to this Interrogatory to the extent that it requires that Plaintiff to "identify all amounts" requires Defendant to marshal all of his evidence as improper. Plaintiff will state the general basis for his claims. Subject to and without waiving this objection, Plaintiff refers defendants to his responses to requests for production to the various defendants.

## **Verification**

      Before me, the undersigned authority, on this day personally appeared Anastacio Lopez, who being duly sworn and known to me to be the person whose signature appears below, stated that he has read the foregoing and that his Answers to Defendants Hennepin County, David J. Hough, Richard W. Stanek, and Michael O. Freeman's Interrogatories made herein are true, correct and complete to the best of his knowledge and belief.

                                                                                                         _____
                                                                                                           Anastacio Lopez

      SUBSCRIBED AND SWORN TO BEFORE ME by Anastacio Lopez this _____ day of April 2018.

                                                                                                           _____
                                                                                                           Notary Public, State of Texas

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Anastacio Lemus Lopez, | Case No. 17-cv-01179 (PAM/TNL) |
| Plaintiff, | **PLAINTIFF ANASTACIO LOPEZ'S OBJECTIONS AND RESPONSES TO HENNEPIN COUNTY DEFENDANTS' REQUESTS FOR PRODUCTION** |
| v. | |
| Minnesota Vikings Football, LLC, et al., | |
| Defendants. | |

TO: Defendants Hennepin County, David J. Hough, Richard W. Stanek, and Michael O. Freeman (the "Defendants"), by and through their attorneys of record, Christiana M. Martenson, Hennepin County Attorney's Office - Civil Division, A-2000 Government Center, 300 South Sixth Street, Minneapolis, MN 55487.

Plaintiff Anastacio Lopez serves his answers and objections to the Hennepin County Defendants' Requests for Production to Plaintiff pursuant to Federal Rule of Civil Procedure 34.

Dated: 4/28/2018             s/ Michael P. Nadimi

                                    MICHAEL P. NADIMI (0397353)
                                    The Nadimi Law Group, LLC
                                    IDS Center
                                    80 South 8th Street, Suite 900
                                    Minneapolis, MN 55402
                                    (612) 348-2925
                                    mail@nadimilaw.com

                                    MICHAEL S. MARTINEZ (pro hac vice)
                                    Martinez Hsu, P.C.
                                    4001 Airport Freeway, Suite 150
                                    Bedford, Texas 76021
                                    (682) 224-7810
                                    msmartinez@mhlegalgroup.com

                                    *Attorneys for Plaintiff Anastacio Lemus Lopez*

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents identified, reviewed, consulted, relied upon, or otherwise used in the course of responding to Defendant Hennepin County's First Set of Interrogatories to Plaintiff.

> **Response**: Plaintiff objects to this Request as overly broad, global, and burdensome, requesting information that is equally accessible to the defendants, and requesting documents that are outside of his possession, custody, and control. Plaintiff objects to providing privileged emails or communications, or work product documents sent by or between or prepared by him and/or his attorneys.
>
> Plaintiff refers defendants to discovery already produced. All responsive non-privileged documents or things that are not work product documents and which are in Plaintiff's possession have already been produced in discovery by Plaintiff or other parties.

### REQUEST FOR PRODUCTION NO. 2:

All documents identified in your Answers to Hennepin County Defendants' Interrogatories to Plaintiff.

> **Response**: Plaintiff objects to this Request as overly broad, global, and burdensome, requesting information that is equally accessible to the defendants, and requesting documents that are outside of his possession, custody, and control.
>
> Plaintiff refers defendants to already produced. All responsive non-privileged documents or things that are not work product documents and which are in Plaintiff's possession have already been produced in discovery by Plaintiff or other parties.

### REQUEST FOR PRODUCTION NO. 3:

All documents in the possession of you and/or your attorney (other than protected attorney work product and privileged attorney-client communications) which relate or refer to the occurrences described in the First Amended Complaint, including but not limited to documents that support your version of events and your claimed physical and/or emotional injuries arising from the occurrences described in the First Amended Complaint.

> **Response:** Plaintiff objects to this Request as premature. Plaintiff objects to this Request to the extent it exceeds the scope of Plaintiff's obligations under the Federal Rules of Civil Procedure regarding the timing and substance of Plaintiff's trial exhibit disclosure. Plaintiff will fully comply with its obligations regarding trial exhibit identification and disclosures under the Federal Rules of Civil Procedure and the Court's Scheduling Order regarding same. Plaintiff objects to this Request as overly broad, global, and burdensome, requesting information that is equally accessible to the defendants, and requesting documents that are outside of his possession, custody, and control. Plaintiff objects to

providing privileged emails or communications, or work product documents sent by or between or prepared by him and/or his attorneys.

Plaintiff refers defendants to discovery already produced. All responsive non-privileged documents or things that are not work product documents and which are in Plaintiff's possession have already been produced in discovery by Plaintiff or other parties.

**REQUEST FOR PRODUCTION NO. 4:**

All diaries or contemporaneous writings that you prepared, from the date of the occurrences described in the First Amended Complaint to the present, which relate or refer to the occurrences described in the First Amended Complaint or the consequences thereof.

**Response:** Plaintiff objects to this Request as overly broad, global, and burdensome. Plaintiff objects to providing privileged emails or communications, or work product documents sent by or between or prepared by him and/or his attorneys.

Plaintiff refers defendants to discovery already produced. All responsive non-privileged documents or things that are not work product documents and which are in Plaintiff's possession have already been produced in discovery by Plaintiff or other parties.

**REQUEST FOR PRODUCTION NO. 5:**

All correspondence to or from you or on which you were copied (other than protected attorney work product and privileged attorney-client communications), from the date of the occurrences described in the First Amended Complaint to the present, which relate to the occurrences described in the First Amended Complaint or the consequences thereof, including but not limited to letters, emails, text messages, and social media posts and messages.

**Response:** Plaintiff objects to this Request as overly broad, global, and burdensome. Plaintiff objects to providing privileged emails or communications, or work product documents sent by or between or prepared by him and/or his attorneys.

Plaintiff refers defendants to discovery already produced. All responsive non-privileged documents or things that are not work product documents and which are in Plaintiff's possession have already been produced in discovery by Plaintiff or other parties.

**REQUEST FOR PRODUCTION NO. 6:**

All bills, invoices, statements, or other requests for payment for any costs and expenses, medical or otherwise, which you claim were incurred as a result of the occurrences described in the First Amended Complaint and for which you claim the Hennepin County Defendants should be responsible.

**Response:** Plaintiff objects to this Request as overly broad, global, and burdensome, and requesting information that is equally accessible to the defendant. Plaintiff further objects to the extent this request includes information protected by the Minnesota Health Records

Act and/or HIPAA. Plaintiff objects to providing privileged emails or communications, or work product documents sent by or between or prepared by him and/or his attorneys.

Plaintiff refers defendants to discovery already produced. All responsive non-privileged documents or things that are not work product documents and which are in Plaintiff's possession have already been produced in discovery by Plaintiff or other parties.

**REQUEST FOR PRODUCTION NO. 7:**

All insurance policies or other documents that refer to or relate to the obligations of any third-party sources (which you identified in your Answers to Interrogatories) to pay for or reimburse you for any of the damages you claim in this litigation.

**Response:** Plaintiff objects to this Request as overly broad, global, and burdensome, requesting information that is equally accessible to the defendants, and requesting documents that are outside of his possession, custody, and control. Plaintiff further objects to the extent this request includes information protected by the Minnesota Health Records Act and/or HIPAA. Plaintiff objects to providing privileged emails or communications, or work product documents sent by or between or prepared by him and/or his attorneys.

Plaintiff refers defendants to discovery already produced. All responsive non-privileged documents or things that are not work product documents and which are in Plaintiff's possession have already been produced in discovery by Plaintiff or other parties.

**REQUEST FOR PRODUCTION NO. 8:**

For the past 10 years, all medical reports, hospital records, psychological assessments, pamphlets, rehabilitation plans, and medical records (including chiropractic reports and records) that refer or relate to your physical and mental condition.

**Response:** Plaintiff objects to this Request as overly broad, global, and burdensome, requesting information that is equally accessible to the defendants, and requesting documents that are outside of his possession, custody, and control. Plaintiff further objects to the extent this request includes information protected by the Minnesota Health Records Act and/or HIPAA.

Plaintiff refers defendants to discovery already produced. All responsive non-privileged documents or things that are not work product documents and which are in Plaintiff's possession have already been produced in discovery by Plaintiff or other parties.

**REQUEST FOR PRODUCTION NO. 9:**

All statements of parties or non-parties, including expert witnesses, concerning the occurrences described in the First Amended Complaint. If privilege is claimed, please state separately the grounds for each such claim, and identify each statement that is the subject of the privilege asserted.

**Response:** Plaintiff objects to this Request as overly broad, global, and burdensome as it seeks to require Plaintiff to provide all notes, calendars, or similar Documents of his relating to the Incident. Plaintiff objects to providing privileged emails or communications, or work product documents sent by or between or prepared by him and/or his attorneys.

Plaintiff refers defendants to discovery already produced. All responsive non-privileged documents or things that are not work product documents and which are in Plaintiff's possession have already been produced in discovery by Plaintiff or other parties.

### REQUEST FOR PRODUCTION NO. 10:

All medical images, photographs, or videos upon which you will rely to prove any fact in this case.

**Response:** Plaintiff objects to this Request as premature. Plaintiff objects to this Request to the extent it exceeds the scope of Plaintiff's obligations under the Federal Rules of Civil Procedure regarding the timing and substance of Plaintiff's trial exhibit disclosure. Plaintiff will fully comply with its obligations regarding trial exhibit identification and disclosures under the Federal Rules of Civil Procedure and the Court's Scheduling Order regarding same. Plaintiff objects to this Request as overly broad, global, and burdensome as it seeks to require Plaintiff to provide all documents relating to his claims and defenses. Plaintiff objects to this Request as overly broad, global, and burdensome, requesting information that is equally accessible to the defendants, and requesting documents that are outside of his possession, custody, and control. Plaintiff objects to providing privileged communications or work product sent by or between or prepared by him and/or his attorneys.

Plaintiff refers defendants to _discovery already produced. All responsive non-privileged documents or things that are not work product documents and which are in Plaintiff's possession have already been produced in discovery by Plaintiff or other parties.

### REQUEST FOR PRODUCTION NO. 11:

All documents, objects, or tangible things that you intend to offer into evidence at the time of trial, including learned treatises and authoritative articles.

**Response:** Plaintiff objects to this Request as premature. Plaintiff objects to this Request to the extent it exceeds the scope of Plaintiff's obligations under the Federal Rules of Civil Procedure regarding the timing and substance of Plaintiff's trial exhibit disclosure. Plaintiff will fully comply with its obligations regarding trial exhibit identification and disclosures under the Federal Rules of Civil Procedure and the Court's Scheduling Order regarding same. Plaintiff objects to this Request as overly broad, global, and burdensome as it seeks to require Plaintiff to provide all documents relating to his claims and defenses. Plaintiff objects to this Request as overly broad, global, and burdensome, requesting information that is equally accessible to the defendants, and requesting documents that are outside of his possession, custody, and control. Plaintiff objects to providing privileged

communications or work product sent by or between or prepared by him and/or his attorneys.

Plaintiff refers defendants to discovery already produced. All responsive non-privileged documents or things that are not work product documents and which are in Plaintiff's possession have already been produced in discovery by Plaintiff or other parties.