**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____
                                    )
Anastacio Lemus Lopez,              )
            Plaintiff,              )
                                    )
vs.                                 )
                                    )   No. 17-CV-01179
Minneapolis Police Officers Russell Cragin, )   (PAM/TNL)
Anthony Rodin, Michael Grahn, Michael Fossum, )
Stephen McCarty and Gerald Moore, Minneapolis )
Chief of Police Janeé Harteau; City of Minneapolis; )
Sheriff Richard W. Stanek; Hennepin County )
Attorney Michael O. Freeman; Hennepin County; )
Hennepin County Administrator David J. Hough; )
Monterrey Security Consultants, Inc.; Andrew )
Hodynsky, SMG; Minnesota Sports Facilities )
Authority; Minnesota Vikings Football Stadium, )
LLC; and Minnesota Vikings Football, LLC, All )
individuals being sued in their individual and official )
capacity,                           )
            Defendants.             )
                                    )
and                                 )
                                    )
SMG,                                )
            Cross-Claim Plaintiff,  )
v.                                  )
                                    )
City of Minneapolis,                )
                                    )
            Cross-claim Defendant.  )
_____)

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF**
**ANASTACIO LOPEZ'S MOTION TO AMEND SCHEDULING ORDER**

2773987.v1

## INTRODUCTION

Defendants City of Minneapolis, Russell Cragin, Anthony Rodin, Michael Grahn, Michael Fossum, Stephen McCarty, Gerald Moore, Janeé Harteau (the "City Defendants"), Hennepin County, Richard W. Stanek, Michael O. Freeman; David J. Hough (the "County Defendants"), Monterrey Security Consultants, Inc., Andrew Hodynsky, SMG, Minnesota Vikings Football, LLC, and Minnesota Vikings Stadium, LLC (the "Corporate Defendants," and collectively with City Defendants and County Defendants, the "Defendants") respectfully submit this opposition to Plaintiff Anastacio Lopez's ("Plaintiff") Motion to Amend Scheduling Order. This action has been pending for more than a year and Plaintiff has had the past nine months to conduct discovery. Yet, Plaintiff has not conducted any discovery whatsoever. Now, on the eve of the close of fact discovery, Plaintiff's "lead" counsel—for the very first time—has informed this Court and the parties that he has been unable to conduct discovery or properly respond to Defendants' discovery due to his own medical issues. Plaintiff's last-minute attempt to excuse his lack of diligence should be rejected by this Court. Plaintiff's counsel has actively participated in this action and was present at the pretrial conference during which the litigation deadlines were set. Counsel was well aware of his medical issues at that time. Despite this, counsel voiced no concern about his ability to complete fact discovery over the next nine months. In any event, Plaintiff has a team of attorneys that could and should have advanced Plaintiff's claims in Mr. Martinez's absence. They did not. Accordingly, Plaintiff has not established good cause to amend the scheduling order. Plaintiff's Motion should be denied.

2773987.v1

**PROCEDURAL AND FACTUAL BACKGROUND**

I.   **Plaintiff's Claims and Procedural History.**

The claims at issue in this action are based upon a December 1, 2016 Minnesota Vikings game during which Plaintiff was escorted from his seat and ejected from the game. (ECF No. 93 ("Am. Compl.") ¶¶ 28-31.) While being escorted out of the stadium by two Minneapolis police officers—Defendants Cragin and Rodin—and Defendant Hodynsky, Plaintiff alleges that he was tackled and assaulted by his escorts. (*Id.* ¶¶ 33-64.)

Based upon the above-described incident, Plaintiff brought a fourteen count complaint, including claims for excessive use of force against certain City of Minneapolis and Hennepin County Defendants; *Monell* claims against the City of Minneapolis and Hennepin County; conspiracy against the City of Minneapolis and Hennepin County Defendants; assault, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress against Cragin, Rodin, and Hodynsky; negligence against the City of Minneapolis and Hennepin County Defendants; negligent supervision, training, retention, and hiring against various Defendants; false arrest against the City of Minneapolis Defendants; false imprisonment and malicious prosecution against the City of Minneapolis and Hennepin County Defendants; and *respondeat superior* (based upon both intentional and negligent conduct) against various Defendants. (*Id.* ¶¶ 80-126.)

Plaintiff filed his Complaint on April 14, 2017.[1]   (ECF. No. 1.)   Despite the

---

[1] Plaintiff's Memorandum erroneously states that "[t]his case was originally filed in December 2016."

2773987.v1

issuance of the Summonses on April 17, 2017 (ECF Nos. 4, 5), Plaintiff did not serve all Defendants until June 5, 2017 (EFC Nos. 52-56).  On August 25, 2017, following an initial pretrial conference, the Court issued its Pretrial Scheduling Order requiring that all fact discovery be completed on or before June 1, 2018. (ECF No. 72.)

On November 6, 2017—five days after the deadline to do so—Plaintiff filed a motion to amend his Complaint.[2]  The Court granted Plaintiff's motion, and Plaintiff filed his Amended Complaint on November 13, 2017, which primarily added multiple Hennepin County Defendants.  (*See* ECF No. 88; s*ee also* Am. Compl.)  The substantive allegations underlying the Complaint, however, did not change.  (*Id.*)  At the time of the Amended Complaint, Plaintiff did not request, and the Court did not grant, an extension of any of the litigation deadlines.  (*See* ECF No. 86.)[3]

On January 23, 2018, the Court issued an Amended Pretrial Scheduling Order, which again required the completion of all fact discovery by June 1, 2018.  (ECF. No. 136.)  Consistent with the Federal Rules of Civil Procedure and the Local Rules for the

---

[2] Plaintiff initially filed his motion to amend on October 31, 2017; however, the initial filing failed to comply with the Local Rules, resulting in Plaintiff refiling the motion on November 6, 2017.  (ECF Nos. 85, 88.)  Moreover, Plaintiff subsequently filed his meet-and-confer statement on November 10, 2017.  (ECF No. 91.)  Many of the required conferences with Defendants' counsel occurred after the filing of Plaintiff's motion, and ultimately, none of the Defendants objected to the Plaintiff's Amended Complaint.  (*Id.*)

[3] Plaintiff states that "the last of the defendants' responses to the amended complaint (including newly added parties) were not due until February 9, 2018." (Pl.'s Mem. 1.)  While technically accurate, this statement does not give a clear timeline of Defendants' Answers to the Amended Complaint.  In fact, with the exception of the County Defendants, all Defendants filed their Answer (or Rule 12 motion) by December 18, 2017.  (ECF Nos. 96, 105-112, 126.)  Only Plaintiff and the County Defendants stipulated to an extension until February 9, 2018.  (ECF 129.)  Ultimately, County Defendants filed a Rule 12 motion, which is pending before this Court.  (ECF No. 140.)

4

District of Minnesota, the Court ordered that the scheduling order could only be modified upon a formal motion and "a showing of good cause." (*Id.*)

## II. Discovery Completed to Date.

Plaintiff has done nothing to meet the June 1, 2018 discovery deadline. (Heeman Decl. ¶ 2.) Despite more than nine months passing since the initial pretrial scheduling order, Plaintiff has not served a single set of interrogatories, document requests, or requests for admission; has not noticed a single deposition; and has not conducted any third-party discovery. (*Id.* ¶ 2; Keeler Decl. ¶¶ 4, 5.) Put simply, Plaintiff has engaged in no offensive discovery. (Heeman Decl. ¶ 2.)

Consistent with his approach to offensive discovery, Plaintiff has been similarly dilatory in responding to Defendants' multiple discovery requests. (*Id.* ¶ 3.) These requests include interrogatories, requests for admission, requests for production of documents, deposition notices, third-party subpoenas to individuals present with Plaintiff at the Vikings game, requests for medical authorizations, and requests for an independent medical exam of Plaintiff. (*Id.*) In response to Defendants' timely, relevant discovery, Plaintiff provided a cursory response to some of Defendants' written discovery and failed to provide responsive documents or the medical authorizations Defendants requested on numerous occasions. (*Id.* ¶ 4, Ex. A; *see also* Lathrop Decl. Exs. B, C; Keeler Decl. Ex. A.) Additionally, Plaintiff has neither answered nor asked for an extension as to the City Defendants' second set of document requests, which were served on May 1, 2018. (Lathrop Decl. ¶¶ 2-3, Ex. A, C.)

5

In light of Plaintiff's deficient discovery responses, each Defendant group served Plaintiff with a deficiency letter setting forth the numerous inadequacies in Plaintiff's discovery responses and document production. (*See.* Heeman Decl. Ex. A; Lathrop Decl. Exs. B, C; Keeler Decl. Ex. A.) Defendants demanded that Plaintiff supplement his discovery and substantively respond to their deficiency letters. (*Id.*) Plaintiff did not respond.

As a result of Plaintiff's disregard for the discovery Rules and decision to ignore Defendants' correspondence, Defendants completed a series of meet-and-confer conferences with Plaintiff's counsel in advance of the June 1, 2018 discovery deadline in an attempt to avoid motion practice. (*See* ECF No. 164.) Ultimately, Plaintiff's counsel acknowledged that Plaintiff's discovery responses were deficient and agreed to supplement the written discovery, produce responsive documents, provide the medical authorizations requested by Defendants, and coordinate deposition dates for Plaintiff and several third-party witnesses. (*Id.*) In order to complete this significant undertaking, Plaintiff stipulated to a limited extension of the Defendants' discovery deadline for purposes of Defendants' remaining offensive discovery. (*Id.*) Defendants have not acquiesced to Plaintiff's request for an extension, given that he has had the past nine months to conduct discovery and has entirely failed to do so.

### III. Plaintiff Failed to Identify the Need for an Extension.

Plaintiff's counsel, Michael Martinez, did not inform Defendants that his medical issues would necessitate an extension of the litigation deadlines until the very end of fact discovery. (Heeman Decl. ¶ 6.) In fact, Defendants were entirely unaware that Plaintiff

6

would seek an extension of the fact discovery deadline until the May 17, 2018 hearing on the County's Motion to Dismiss, which was just fifteen days before the fact discovery cutoff. (*Id.*)  Notably, Plaintiff did not request an extension from Defendants until after the deadline to serve written discovery had passed. (*Id.* ¶ 7.)

Plaintiff's failure to timely inform Defendants of the purported need for an extension was not due to lack of opportunity.  For example, during a March 15, 2018 phone conference between the parties, Plaintiff's counsel could have addressed any discovery issues with Defendants' counsel. (*Id.* ¶ 8.)  Mr. Martinez fully participated in this call, but failed to mention any medical issues or the need for an extension of the discovery deadlines. (*Id.*)[4]

Mr. Nadimi also represents Plaintiff and has been actively engaged throughout this litigation.  In fact, Mr. Nadimi handled the May 17, 2018 Motion to Dismiss. (ECF No. 163.)  Prior to that hearing, Mr. Nadimi gave no indication that Plaintiff would require an extension of the discovery deadline. (Heeman Decl. ¶ 9.)

Additionally, Defendants' counsel has corresponded with Courtney Burns, an attorney at Mr. Martinez's law firm, regarding various discovery issues. (*Id.* ¶ 10, Ex. B; Keeler Decl. ¶ 6.)  Despite responding to Defendants' inquiries and generally working on Plaintiff's discovery responses, Ms. Burns never indicated that Mr. Martinez's illness necessitated an extension of the litigation deadlines. (Heeman Decl. ¶ 10, Ex. B.)

---

[4] The March 15, 2018 call was two-and-a-half months before the fact discovery deadline. It is unclear how Mr. Martinez was able to fully participate in the call, but unable to serve written discovery at that time (or any time before May 1, 2018).

7

Despite the lack of any prior notice or request, Plaintiff now seeks a 90-day extension of the fact discovery deadline and a continuance of the trial to June 1, 2019. (Pl.'s Mem. 4-5.) Although not substantively addressed in his motion paperwork, Plaintiff also requests a 120-day extension of other litigation deadlines. For example, Plaintiff requests that his expert disclosure deadlines be extended from June 1, 2018 to October 1, 2018. (*Compare* ECF No. 136, *with* Pl.'s Mem. 4-5.) Similarly, Plaintiff seeks a 115-day and 120-day extension of the non-dispositive and dispositive motion deadlines respectively. (*Id.*) In addition, Plaintiff's proposed amendments actually shorten certain deadlines applicable to Defendants. For example, under the current schedule, Defendants' expert disclosures are due two months after Plaintiff's disclosures. (ECF No. 136.) Under Plaintiff's proposed amendment, however, Defendants' expert disclosures would be due only one month after Plaintiff's disclosures. (Pl.'s Mem. 4-5.) Plaintiff provides no rationale for these modifications of the Pretrial Scheduling Order.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 16(b) governs the extension of scheduling order deadlines. Pursuant to Rule 16(b), a schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Similarly, under Local Rule 16.3(b) to modify a scheduling order a party must: (1) establish good cause for the proposed modification, and (2) explain the proposed modification's effect on any deadlines.[5]

---

[5] Additionally, if a party moves to modify a scheduling order's discovery deadlines, the party "must also . . . describe what discovery remains to be completed [and] describe the discovery that has been completed." Local R. 16.3(c). Plaintiff made no attempt to satisfy these requirements in his motion paperwork.

8

2773987.v1

"The 'exacting' standard set by Rule 16(b) requires that a moving party first make the requisite good cause showing." *Shukh v. Seagate Tech., LLC*, 2013 U.S. Dist. LEXIS 833, at *9 (D. Minn. Jan. 3, 2013) (quoting *EEOC v. Hibbing Taconite Co.*, 266 F.R.D. 260, 265 (D. Minn. 2009)). "Because scheduling orders are a vehicle designed to streamline the flow of litigation through [the Court's] crowded docket, the Court does not take such orders lightly, and where good cause to modify has not been shown, will enforce them." *Id.* (internal quotations omitted) (alterations in original).

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)); *see also Scheidecker v. Arvig Enter.*, 193 F.R.D. 630, 631 (D. Minn. 2000) ("The 'good cause' standard [of Rule 16(b)] is an exacting one, for it demands a demonstration that the existing schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" (quoting *Archer Daniels Midland v. Aon*, 187 F.R.D. 578, 581-2 (D. Minn. 1999))); Fed. R. Civ. P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

"While the prejudice to the non-movant resulting from modification of the scheduling order may also be a relevant factor, generally, a court will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman*, 532 F.3d at 717 (citation omitted); *see also Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (concluding that there was "no need to explore

9

beyond the first criterion, [diligence,] because the record clearly demonstrate[d] that Bradford made only minimal efforts to satisfy the [scheduling] order"); *Archer Daniels Midland*, 187 F.R.D. at 582 (explaining that Rule 16(b) does not look at prejudice to the nonmoving party).

In short, Rule 16(b) focuses on "the diligence of the party seeking to modify a Scheduling Order, as opposed to the litany of unpersuasive excuses, inclusive of inadvertence and neglect." *Scheidecker*, 193 F.R.D. at 632 n.1 (citations omitted). Indeed, it is well settled that "carelessness is not compatible with a finding of diligence and offers no reason for a grant for relief." *Hibbing Taconite Co.*, 266 F.R.D. at 265; *see also C.H. Robinson Co. v. Zurich Ams. Ins. Co.*, 2004 U.S. Dist. LEXIS 15202, at *5 (D. Minn. Aug. 05, 2004) ("Carelessness does not excuse dilatoriness and 'offers no reason for a grant of relief.'" (quoting *N. Star Mut. Ins. Co. v. Zurich Ins. Co.*, 269 F. Supp.2d 1140, 1144 (D. Minn. 2003))).

## ARGUMENT

### I. Plaintiff Has Conducted No Discovery, Thereby Negating Any Finding of Diligence.

At the very outset, Plaintiff cannot plausibly establish that he has diligently attempted to satisfy the fact discovery deadline when he has conducted ***no discovery whatsoever***. This fact alone is dispositive. Indeed, as one court succinctly explained:

> [Plaintiffs] evidently engaged in little to no discovery for six months after initiating the suit. ***This is exactly the opposite of diligence.*** Plaintiffs have, therefore, failed to make a showing of good cause that might induce this Court to modify its Case Management Order.

10

2773987.v1

*Karlso v. Pittsburgh Glass Works, LLC*, 2011 U.S. Dist. LEXIS 125667, at *11-12 (W.D. Pa Oct. 31, 2011) (emphasis added); *Cf St. Paul Mercury Ins. Co. v. Order of St. Benedict, Inc.*, 2017 U.S. Dist. LEXIS, at *4 (D. Minn. Apr. 20, 2017) (finding that a party seeking relief from a judgment did not act diligently when "it undertook no discovery during the nearly two years the case was pending despite having the ability to do so"); *see also Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671-72 (C.D. Cal. 2003) (denying a motion to extend the discovery deadline and explaining that "[n]o party seriously disputes that [the plaintiff] has failed diligently to prosecute this action.  While representing [the plaintiff], [counsel] propounded no discovery, did not designate experts, and failed to respond to [Defendant's] discovery requests in a timely fashion."); *Middleton v. Enhanced Recovery Co., LLC*, 2016 U.S. Dist. LEXIS 121462, at *3 (D. Nev. Sept. 7, 2016) ("Defendant's decision to conduct no discovery is antithetical to the required showing of diligence, and that lack of diligence is fatal to the pending motion [to extend the discovery cutoff].")

Here, Plaintiff has propounded no discovery since commencing this action more than a year ago.  He has not served a single set of interrogatories, document requests, or requests for admission.  He has not noticed a single deposition.  And he and has not conducted any third-party discovery.  This complete lack of action negates any finding of diligence.  For this reason alone, Plaintiff's Motion should be denied.

11

## II. Mr. Martinez's Illness Does Not Warrant an Extension of the Litigation Deadlines.

Entirely ignoring that he has conducted no discovery, Plaintiff's primary argument that "good cause" exists to amend the Pretrial Scheduling Order is that Mr. Martinez experienced an "extended illness" which rendered him "unable to complete discovery in advance of the discovery deadlines." (Pl.'s Mem. 1.) This alleged justification has regularly been rejected by courts both within and outside this jurisdiction. *See, e.g.*, *Youngquist v. Fairview Health Servs.*, 11-cv-862 [ECF No. 32] (D. Minn. filed June 25, 2012) (J. Doty) (denying a requested continuance based upon an attorney's medical condition and explaining "[a]lthough the court is sympathetic to [plaintiff's counsel], she had more than three months to find substitute or co-counsel"); *Adams v. Tyson Foods, Inc.*, 2011 U.S. Dist. LEXIS 5595, at *3-5 (W.D. Ark. Jan. 14, 2011) (finding good cause lacking and refusing to grant the pro se plaintiff's request for a 30-day extension of the discovery deadline where the plaintiff was caring for a mentally disabled family member with a life threatening illness); *Adams v. N. Ind. Pub. Serv. Co.*, 2015 U.S. Dist. LEXIS 103544, at *5 (N.D. Ind. Aug. 7, 2015) (finding that the plaintiff "has not demonstrated good cause" to extend the discovery deadline based upon counsel's medical issues because counsel "was released from medical treatment in February 2015, three months before the discovery deadline"); *Pacific Coast Steel v. Stoddard*, 2013 U.S. Dist. LEXIS 199213 (S.D. Cal. Feb. 15, 2013) (finding that the plaintiff did not act diligently where one of the plaintiff's multiple attorneys suffered a serious health problem); *Aaronson v.*

12

*Vital Pharmaceuticals, Inc.*, 2011 U.S. Dist. LEXIS 50925, at *5-6 (S.D. Cal. May 12, 2011) (same).

Moreover, focusing solely on Mr. Martinez's illness ignores that Plaintiff had a legal team in addition to Mr. Martinez actively engaged in this litigation. Yet, none of these attorneys engaged in discovery on behalf of Plaintiff. Courts have addressed this very issue and concluded that the medical problems suffered by one attorney do not relieve co-counsel of their obligations. As the court explained in *Aaronson*:

> Plaintiff fails to establish how his counsel proceeded with due diligence to complete class-certification discovery in a timely manner given that he has had ten months to conduct discovery. Further, from February 23, 2011 through at least March 14, 2011, neither [lead counsel] nor [co-counsel] sought any discovery. In fact, Plaintiff did not formally notice a deposition or propound discovery until April 15, 2011. ***Plaintiff also fails to offer any justification as to why [counsel] did not act diligently in pursuing discovery before, during, or after [co-counsel] sought medical attention for his condition. Nothing in the record indicates that circumstances prevented [counsel] from contacting Defendant to notice a Rule 30(b)(6) deposition, or from propounding timely written discovery. . . . There was no time during which [counsel] was without the assistance of additional counsel to help him with discovery and drafting the class certification motion***.

2011 U.S. Dist. LEXIS 50925, at *5-6 (emphasis added).

Similarly, in *Stoddard*, when rejecting a requested extension of the discovery deadline, the court explained "[Plaintiff's two attorneys] are co-counsel; therefore, the Court must consider whether ***both attorneys acted diligently*** during the time this case has been pending." 2013 U.S. Dist. LEXIS 199213, at *30 (emphasis added). Ultimately, the court concluded that the attorney who was unaffected by medical issues failed to diligently pursue discovery, thereby negating "good cause" to extend the discovery

13

2773987.v1

deadline. *Id.* at *36 (one attorney's "infirmity" does "not relieve [co-counsel] of his obligations to the Plaintiff and the Court").

Here, Plaintiff has been represented by multiple attorneys throughout the pendency of this action. (*See* ECF No. 1 (including both Mr. Nadimi and Mr. Martinez on the signature block of the Complaint).) Indeed, both Mr. Martinez and Mr. Nadimi participated in the pretrial conference (ECF No. 68), and Mr. Nadimi argued on behalf of Plaintiff at Hennepin County's motions to dismiss hearing. (ECF No. 163.) Additionally, both Mr. Nadimi and Mr. Martinez participated in the parties' March 15 settlement discussion. (Heeman Decl. ¶ 8.) There is simply no legitimate excuse for Mr. Nadimi's complete failure to pursue discovery during the past nine months.[6]

Apparently acknowledging Mr. Nadimi's obligations, Plaintiff's memorandum generally avers that Mr. Nadimi has had a busy schedule since late March 2018. (Pl.'s Mem. 2.)[7] Of course, Plaintiff entirely fails to explain why Mr. Nadimi did not pursue discovery during the six months that preceded his unavailability. In any event, Plaintiff's argument that Mr. Nadimi was too busy to prosecute this action after March 2018 should be wholly rejected. *See, e.g.*, *Hunt v. City of Minneapolis*, 203 F.3d 524, n.3 (8th Cir. 2000) (rejecting counsel's attempts "to explain the delays by arguing that his schedule was overburdened" and explaining that "such excuses cannot be deemed valid . . . lest the courts be rendered unable to enforce any orders or procedural rules"); *Harrington v. City*

---

[6] Additionally, Ms. Burns has been actively involved in this litigation, but has not advanced Plaintiff's discovery position over the past nine months.

[7] Specifically, Plaintiff states that Mr. Nadimi "was out of the country during late March and early April and upon returning was lead counsel in back to back criminal case proceedings. Within the last week, he has also come down with pneumonia."

14

*of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006) (rejecting counsel's argument that "his preoccupation with [his unrelated criminal matter] made it impossible for him" comply with the court's order and explaining that "it is widely accepted that neglect due to a busy schedule is not excusable"). Accordingly, even if he was busy, Mr. Nadimi was still obligated to diligently pursue discovery in this matter.

Next, even setting Mr. Nadimi's inaction aside, Mr. Martinez's medical issues cannot excuse Plaintiff's failure to engage in *any* offensive discovery to date. In *Stoddard*, for example, the court analyzed a nearly identical argument. There, the plaintiff argued that good cause existed to extend the litigation deadlines because one of its two attorneys' "fitness to proceed as counsel was completely compromised." *Stoddard*, 2013 U.S. Dist. LEXIS 199213, at \*35. The court rejected this argument and found good cause lacking, noting that the attorney suffering from medical issues "took part in both the . . . early neutral evaluation conference and . . . settlement conference." *Id.* at \*35. The court went on to explain that the attorney "appears to have been capable of carrying out his duties as counsel." *Id.* at \*36.

While Defendants are sympathetic to Mr. Martinez's medical issues, like *Stoddard*, Plaintiff's "good cause" argument fails. A review of Mr. Martinez's supporting affidavit reveals that Mr. Martinez suffered from the vast majority of his medical issues *before* Plaintiff served many of the Defendants with his Summons and *well before* the Court held its pretrial conference on August 23, 2017. (Martinez Decl. ¶¶ 3-12.) Indeed, Mr. Martinez suffered multiple medical episodes from February 27, 2017 through June 25, 2017. (*Id.*) Yet, discovery in this action did not commence until

15

August 25, 2017. Moreover, after his June 25 hospital discharge, Mr. Martinez actively participated in this litigation. Mr. Martinez participated in the pretrial conference held in on August 23, 2017 by phone. (ECF No. 68.) Despite being well aware of his medical issues at that time, Mr. Martinez failed to notify the Court or the parties that his medical condition would preclude him from complying with a nine-month fact discovery period. Months later, Mr. Martinez participated in an informal settlement conference between the parties. (Heeman Decl. ¶ 8.) Again, Mr. Martinez did not indicate that his medical issues would necessitate an extension of the fact discovery deadline. (*Id.*) Accordingly, because Mr. Martinez has actively participated in this case but has failed to appropriately engage in the discovery process, good cause does not exist to extend the litigation deadlines. *Stoddard*, 2013 U.S. Dist. LEXIS 199213, at *35 (good cause lacking where counsel "appears to have been capable of carrying out his duties"); *see also Adams*, 2015 U.S. Dist. LEXIS 103544, at *5 (finding no "good cause" where counsel "was released from medical treatment . . . three months before the discovery deadline").

Despite Mr. Martinez's continued participation as well as Mr. Nadimi's and Ms. Burns' active involvement in this action, Plaintiff has entirely failed to pursue discovery—much less diligently—prior to the Court's June 1, 2018 deadline. Plaintiff has not served any written discovery, noticed a single deposition, or conducted any third-party discovery. Moreover, Plaintiff has woefully failed to comply with his discovery obligations in response to Defendants' numerous, relevant discovery requests and depositions notices. Quite simply, Plaintiff's failure to meaningfully engage in the discovery process during the Court's generous discovery period negates any argument

16

that that Plaintiff has acted diligently. As such, the analysis ends here, and Plaintiff's motion to amend the Pretrial Scheduling Order should be denied.

## **CONCLUSION**

Because Plaintiff cannot show diligence in attempting to meet the deadlines imposed by the Pretrial Scheduling Order where he has failed to conduct any discovery, and because no good cause exists, Defendants respectfully request that the Court deny Plaintiff Anastacio Lopez's Motion to Amend Scheduling Order.

Dated: June 8, 2018

| JOHNSON & BELL, LTD. | FELHABER LARSON |
|---|---|
| | Donald G. Heeman, #286023 |
| By: */s/Genevieve M. LeFevour* | Jessica J. Nelson, #0347358 |
| Genevieve M. LeFevour (*pro hac vice*) | Daniel R. Haller, #396497 |
| Kevin A. Pacini (*pro hac vice*) | 220 South Sixth Street, Suite 2200 |
| 33 West Monroe Street, Suite 2700 | Minneapolis, MN 55402-4504 |
| Chicago, IL 60603-5404 | Telephone: (612) 339-6321 |
| Telephone: (312) 372-0770 | Facsimile: (612) 338-0535 |
| Facsimile: (312) 372-9818 | dheeman@felhaber.com |
| lefevourg@jbltd.com | jnelson@felhaber.com |
| pacinik@jbltd.com | dhaller@felhaber.com |

*Attorneys for Defendants Minnesota Vikings Football Stadium, LLC; Minnesota Vikings Football, LLC; Monterrey Security Consultants, Inc., SMG and Andrew Hodynsky*

Dated:  June 8, 2018                          SUSAN L. SEGAL, City Attorney

By:   */s/Ivan M. Ludmer*
    Sara J. Lathrop, #310232
    Ivan M. Ludmer, #0389498
    Heather Robertson, #0389498
    Assistant City Attorneys
    Room 210, City Hall
    350 South Fifth Street
    Minneapolis, MN 55415
    Telephone:  (612) 673-2072
    sara.lathrop@minneapolismn.gov
    ivan.ludmer@minneapolismn.gov
    heather.robertson@minneapolismn.gov

*Attorneys for Defendants Gerald Moore, Janeé Harteau, Michael Fossum, Michael Grahn, Stephen McCarty, Russell Cragin, Anthony Rodin and City of Minneapolis*

Dated:  June 8, 2018                          MICHAEL O. FREEMAN
                                              Hennepin County Attorney

By:   *s/James W. Keeler, Jr.*
    James W. Keeler, Jr., #0176199
    Senior Assistant County Attorney
    Christiana M. Martenson, #0395513
    Assistant County Attorney
    2000A Government Center
    Minneapolis, MN 55487
    Telephone:  (612) 348-5506
    Facsimile:  (612) 348-8299
    james.keeler@hennepin.us
    christiana.martenson@hennepin.us

*Attorneys for Defendants Hennepin County; Michael O. Freeman, Hennepin County Attorney; David J. Hough, Hennepin County Administrator; and Richard W. Stanek, Hennepin County Sheriff*

2773987.v1