# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

|   |   |
|---|---|
| Anastacio Lemus Lopez, | ) |
|    Plaintiff, | ) |
| vs. | ) |
|   | )  No. 17-CV-01179 |
| Minneapolis Police Officers Russell Cragin, | )  (PAM/TNL) |
| Anthony Rodin, Michael Grahn, Michael Fossum, | ) |
| Stephen McCarty and Gerald Moore, Minneapolis | ) |
| Chief of Police Janeé Harteau; City of Minneapolis; | ) |
| Sheriff Richard W. Stanek; Hennepin County | ) |
| Attorney Michael O. Freeman; Hennepin County; | ) |
| Hennepin County Administrator David J. Hough; | ) |
| Monterrey Security Consultants, Inc.; Andrew | ) |
| Hodynsky, SMG; Minnesota Sports Facilities | ) |
| Authority; Minnesota Vikings Football Stadium, | ) |
| LLC; and Minnesota Vikings Football, LLC, All | ) |
| individuals being sued in their individual and official | ) |
| capacity, | ) |
|    Defendants. | ) |
|   | ) |
| and | ) |
|   | ) |
| SMG, | ) |
|    Cross-Claim Plaintiff, | ) |
| v. | ) |
|   | ) |
| City of Minneapolis, | ) |
|   | ) |
|    Cross-claim Defendant. | ) |

_____

2775408.v1

## DECLARATION OF DONALD G. HEEMAN

I, DONALD G. HEEMAN, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a shareholder with the law firm of Felhaber Larson, counsel for Defendants Monterrey Security Consultants, Inc., Andrew Hodynsky, SMG, Minnesota Vikings Football, LLC, and Minnesota Vikings Stadium, LLC ("Defendants"). I respectfully submit this declaration in support of Defendants' Memorandum in Opposition to Plaintiff Anastacio Lopez's Motion to Amend Scheduling Order.

2. Plaintiff has done nothing to meet the June 1, 2018 discover deadline established by the Court. Plaintiff has not engaged in any offensive discovery whatsoever. Plaintiff has not served a single set of interrogatories, document requests, or requests for admission; has not noticed a single deposition; and has not conducted any third-party discovery.

3. Plaintiff has also been dilatory in responding to my multiple discovery requests. These discovery requests include interrogatories, requests for admission, requests for production of documents, deposition notices, third-party subpoenas, to individuals present with Plaintiff at the Vikings game, requests for medical authorizations, and requests for an independent medical exam of Plaintiff.

4. In response to the requested discovery, Plaintiff has provided a cursory response to some of my written discovery requests and failed entirely to provide responsive documents or the medical authorizations I have requested on numerous occasions.

5. I served Plaintiff with a deficiency letter setting for the numerous inadequacies in Plaintiff's discovery responses and document production on May 11, 2018. A true and correct copy of this letter is attached hereto as **Exhibit A.**

6. Plaintiff's counsel, Michael Martinez, did not inform me that his medical issues would necessitate an extension of the litigation deadlines until the very end of fact discovery. I was entirely unaware that Plaintiff would seek an extension of the fact discovery deadline until the May 17, 2018 hearing on the Hennepin County Defendants' Motion to Dismiss. This was just fifteen days before the fact discovery cutoff.

7. Plaintiff did not request an extension to the discovery deadline until after the deadline to serve written discovery had passed.

8. Plaintiff's counsel has had ample opportunity to address any discovery issues with Defendants. Both Mr. Martinez and Mr. Nadimi fully participated in a March 15, 2018 informal settlement teleconference between the parties, and could have addressed any discovery issues then. Mr. Martinez failed to mention any medical issues or need for an extension of the fact discovery deadline on this call.

9. Similarly, Mr. Nadimi, who has been actively engaged throughout this litigation, gave no indication that Plaintiff would require an extension of the discovery deadline prior to the Motion to Dismiss hearing on May 17, 2018.

10. Defendants' counsel has also corresponded with Courtney Burns, an attorney at Mr. Martinez's law firm, regarding various discovery issues. Despite responding to Defendants' inquiries and generally working on Plaintiff's discovery

3

responses, Ms. Burns never indicated to me that Mr. Martinez's illness necessitated an extension of the litigation deadlines.

11. Attached hereto as **Exhibit B** is a true and correct copy of email correspondence exchanged between Defendants' counsel and Ms. Burns between April 5 and April 9, 2018.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 8, 2018, in Minneapolis, Minnesota.

                                                         *s/Donald G. Heeman*
                                                       Donald G. Heeman