DUNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Anastacio Lemus Lopez,

                         Plaintiff,         Case No. 17-cv-01179-PAM-TNL

vs.

Minnesota Vikings
Football Club, LLC et al.,

**DECLARATION OF SARA LATHROP
IN OPPOSITION TO MOTION TO
AMEND SCHEDULING ORDER**

                         Defendants.

STATE OF MINNESOTA      )
                                   ) ss.
COUNTY OF HENNEPIN     )

       1.       My name is Sara J. Lathrop. I am an Assistant City Attorney and I am one of the attorneys representing City of Minneapolis Defendants in this matter. I submit this Declaration in opposition to Plaintiff's Motion to Amend Scheduling Order.

       2.       Attached as Exhibit A is a true and correct copy of a May 1, 2018 email, sent under the parties' agreement to accept service by email, serving among other things the City of Minneapolis Defendants' Request for Production of Documents, Set II. The attachments to the email are omitted from the exhibit.

       3.       As of the date of this Declaration, City of Minneapolis Defendants have not received either written responses or a request for an extension of time as to these Requests.

4.     Attached as Exhibit B is a true and correct copy of a May 3, 2018 letter from my co-counsel Ivan Ludmer to Plaintiff addressing discovery response deficiencies.

5.     Attached as Exhibit C is a true and correct copy of a June 7, 2018 letter from me to Plaintiff addressing discovery response deficiencies.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 8, 2018.                                          /s/ *Sara J. Lathrop*
                                                              Sara J. Lathrop

# EXHIBIT A

# Lund, Angela

| | |
|---|---|
| **From:** | Lathrop, Sara J |
| **Sent:** | Tuesday, May 01, 2018 4:40 PM |
| **To:** | Michael S. Martinez; Courtney Burns; Michael Nadimi; 'Christiana Martenson'; 'Daniel Robert Moses Haller'; 'Donald G Heeman'; 'Genevieve Marie LeFevour'; 'James W Keeler Jr'; 'Jessica J Nelson'; 'Kevin Anthony Pacini' |
| **Cc:** | Ludmer, Ivan |
| **Subject:** | Service Email: Lopez |
| **Attachments:** | City Defendants' Request for Production of Documents_ Set II.pdf; Subpoena LPZ.pdf |

Counsel,

Please find attached and served per our agreement on email service the City Defendants' Request for the Production of Documents, Set II, and a subpoena for LPZ Enterprises LLC.

If you have any questions or concerns, please do not hesitate to contact me.

Thank you,

Sara

1

Sara J. Lathrop
Assistant City Attorney

City of Minneapolis – City Attorney's Office
350 S. Fifth St. – Room 210
Minneapolis, MN 55415

Office: 612-673-2072
sara.lathrop@minneapolismn.gov

2

# EXHIBIT B



Office of the City Attorney
Susan L. Segal
City Attorney
350 S. Fifth St., Room 210
Minneapolis, MN 55415
TEL 612.673.3000  TTY 612.673.2157
www.minneapolismn.gov

Direct 612.6763.2478
ivan.ludmer@minneapolismn.gov

May 3, 2018                                               *VIA EMAIL*

Michael Nadimi, Esq.
The Nadimi Law Group LLC
80 South 8th Street, Suite 900
Minneapolis, MN  55402

Michael S. Martinez
Courtney Burns
Martinez Hsu, P.C.
1601 E. Lamar Blvd., Suite 114
Arlington, TX 76011

Re:    *Anastacio Lopez v. City of Minneapolis*
       Court File No. 17-cv-01179-RHK-KMM

Dear Counsel:

I write to follow up on your discovery responses in the above-captioned matter, received by the City of Minneapolis Defendants (the "City") on February 15, 2018.

First, the Interrogatory objections and Request for Production of Documents ("RFP") responses were not signed as required by Fed. R. Civ. P. 26(g) and 33(b)(5). The Interrogatory responses were also not verified as required by Fed. R. Civ. P. 33(b)(5). Please ensure we have signed and verified copies before the deposition of Plaintiff.

Second, the City has identified certain deficiencies or possible omissions in your responses. Please provide clarification or amended responses as to the below items. Because of the impending non-dispositive motion deadline, the City requests responses on or before May 18, 2018. Alternatively, we can meet-and-confer in person or by telephone to discuss.

Please note that the City reserves its right to challenge or request supplementation of other responses to discovery requests not identified here. These are merely the ones that appear most in need of amendment or supplementation at this time.

*Anastacio Lopez v. City of Minneapolis*
Court File No. 17-cv-01179-RHK-KMM
Page 2

## INTERROGATORIES:

**INTERROGATORY NO. 3:** To all parties: Identify by name, address and telephone number each and every person known to you, or those acting on your behalf, who have knowledge of the facts and circumstances of the events and/or injuries claimed in the Complaint or who claim to have such knowledge.

**ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his injury and damage. Plaintiff does not object to providing its general factual contentions in this case but objects to this Interrogatory as worded.

Anastacio Lopez
c/o Martinez Hus, P.C.
1601 E. Lamar Blvd. Ste. 114
Arlington, TX   76011
682-224-7810

Ignacio Lopez
c/o Martinez Hus, P.C.
1601 E. Lamar Blvd. Ste. 114
Arlington, TX   76011
682-224-7810

Samiur Khandker, MD
400 Rosalind Redfern Grover Parkway
Midland, TX  79701
432-221-5252
Any and all other health care providers associated with Samiur Khandker, MD involved in the examination, diagnosis, care, or treatment of Plaintiff.
Custodian of records for Samiur Khandker, MD.

Brian Beauvais, PA-C
400 Rosalind Redfern Grover Parkway
Midland, TX  79701
432-221-5252

Any and all other health care providers associated with Brian Beauvais, PA-C involved in the examination, diagnosis, care, or treatment of Plaintiff.
Custodian of records for Brian Beauvais, PA-C

Jerri Kounce, LPC-S, NCC
4500 W. Illinois Ave.
Midland, TX
797-553-4697

Russell Cragin
c/o Sara J. Lathrop
Assistant City Attorney
City of Minneapolis
350 S. Fifth Street – Room 210
Minneapolis, MN  55415
612-673-2072

Anthony Rodin
c/o Sara J. Lathrop
Assistant City Attorney
City of Minneapolis
350 S. Fifth Street – Room 210
Minneapolis, MN  55415
612-673-2072

Michael Grahn
c/o Sara J. Lathrop
Assistant City Attorney
City of Minneapolis
350 S. Fifth Street – Room 210
Minneapolis, MN  55415
612-673-2072

Michael Fossum
c/o Sara J. Lathrop
Assistant City Attorney
City of Minneapolis
350 S. Fifth Street – Room 210
Minneapolis, MN  55415
612-673-2072

*Anastacio Lopez v. City of Minneapolis*
Court File No. 17-cv-01179-RHK-KMM
Page 4

>Stephen McCarty
>c/o Sara J. Lathrop
>Assistant City Attorney
>City of Minneapolis
>350 S. Fifth Street – Room 210
>Minneapolis, MN  55415
>612-673-2072
>
>Gerald Moore
>c/o Sara J. Lathrop
>Assistant City Attorney
>City of Minneapolis
>350 S. Fifth Street – Room 210
>Minneapolis, MN  55415
>612-673-2072
>
>Janeé Harteau
>c/o Sara J. Lathrop
>Assistant City Attorney
>City of Minneapolis
>350 S. Fifth Street – Room 210
>Minneapolis, MN  55415
>612-673-2072
>
>Andrew Hodynsky
>c/o Genevfieve LeFevour
>Johnson & Bell, Ltd.
>Chicago, IL  60603-5404
>312-984-0228

>Any and all persons initially designated by any defendant, cross-claim plaintiff, or cross-claim defendant, or subsequently designated by Plaintiff or any defendant, cross-claim plaintiff, or cross-claim defendant.

**DEFICIENCIES:**   According to Plaintiff's testimony at his criminal trial, he attended the Vikings-Cowboys game at U.S. Bank stadium with his girlfriend and girlfriend's brother. Please add information for each, as well as any person Plaintiff spoke with as identified in the previously-produced telephone log at MPLS24-29, and the CD bates-labeled MPLS 62, file name "index."

>**INTERROGATORY NO. 5:**  To Plaintiff:  Describe in full detail any loss of earnings, wages, salaries or commissions or the capacity to earn such as a result of the incident alleged in the Complaint, and the basis for the loss.

**ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global and burdensome as it seeks to require Plaintiff to recite in an interrogatory all facts that support its factual and legal contentions. Plaintiff does not objection [sic] to generally providing its factual and legal contentions in this case but objects to this Interrogatory as worded.

Plaintiff was unable to work during the period following the incident, resulting in lost earnings of approximately $7,000. Plaintiff is no longer able to perform the duties of office manager at his place of work due to the distress this setting causes to him. Plaintiff has been forced to move to driving trucks instead because of his inability to interaction with crowds/multiple people in a confined space. Plaintiff has had significant trouble sleeping since the incident. Plaintiff suffers chronic symptoms of PTSD including nightmares, flashbacks and a sense of general fear in public. Plaintiff continues to experience intense psychological and physiological distress when he encounters law enforcement personnel. He has lost desire to associate with individuals outside of his family because of this incident. He is also unable to attend public or sporting events or even watch football games on the television because they trigger these PTSD symptoms.

**DEFICIENCIES:** The description of lost earnings is insufficient. Please specify how many days of work were missed, whether and what kind of paid time off was taken, and the pay rate applied to calculate the lost earnings. Please also specify any effect on wages from Plaintiff's move from office manager to driving trucks.

**INTERROGATORY NO. 10:** To Plaintiff: Identify each and every medical professional and/or medical care institution, clinic or hospital, or mental or psychological treatment, care of consultation, that you have consulted or received care or treatment from between December 1, 2006 and December 1, 2016, and for each include their present address, the reason or condition which caused you to receive the care or treatment and the dates thereof.

**ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome. Plaintiff further objects to this Interrogatory for the reason it seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Various physicians at various minor emergency centers for minor ailments. Plaintiff had one ankle surgery in 2013. Other than this,

>   Plaintiff has had no significant injuries, diseases, procedures, or any other kind of medical treatment other than ordinary medical check-ups, colds or other minor ailments.

**DEFICIENCIES:**   Please clarify whether any responsive information was withheld due to Plaintiff's objections.

>   **INTERROGATORY NO. 18:**
>
>   To all parties:  If you, or anyone acting on your behalf, has taken any statements, photographs, videos, or gathered any other evidence bearing on the facts and circumstances alleged in the Complaint state:
>
>   a.   The name, address, occupation and telephone number of the person(s) giving such statement;
>   b.   Whether such statement was oral or written and, if oral, whether it was reduced to written form and signed by the party;
>   c.   The name, address, occupation and telephone number of the person taking such statement photograph [sic], video, or such other factual evidence; and
>   d.   The name, address, occupation and telephone number of the current custodian of each such statement, photograph, video or other factual evidence.
>
>   **ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims.  Plaintiff does not object to providing its general factual contentions in this case but objects to this Interrogatory as worded.
>
>   1.   a. n/a
>        b. n/a
>        c. Anastacio Lemus Lopez, 6800 Elkins Rd. #C, Midland, TX   79705, truck driver/officer manager, 432-296-2666
>        d.  Same as c.

**DEFICIENCIES:**   Please clarify whether the identified statement has been produced and, if so, the bates label identifier.

**INTERROGATORY NO. 21:** To Plaintiff: Identify each and every person by name, address, occupation and telephone number with whom you spoke at U.S. Bank Stadium the evening of December 1, 2016 and state the substance of that conversation.

**ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff does not object to providing its general factual contentions in this case but objects to this Interrogatory as worded.

Sgt. Jackson. Law enforcement officer. Ordered Plaintiff to leave the stands and accompany him to a security processing center inside the stadium, where Plaintiff was to have his photograph taken and vital statistics recorded prior to being ejected from the venue

Russell Cragin. Law enforcement officer. Ordered Plaintiff to accompany him to security processing center. Conversed with Plaintiff before and after the assault incident.

Anthony Rodin. Law enforcement officer. Ordered Plaintiff to accompany him to security processing center. Conversed with Plaintiff before and after the assault incident.

Michael Grahn. Law enforcement officer. Ordered Plaintiff to accompany him to security processing center. Conversed with Plaintiff during and after the assault incident.

Unknown paramedics. Discussed removal of taser probes, discussed Plaintiff's injuries.

Possibly other unknown persons, e.g. transport personnel.

**DEFICIENCY:** According to Plaintiff's testimony at his criminal trial, he attended the Vikings-Cowboys game at U.S. Bank stadium with his girlfriend and girlfriend's brother. Please add responsive information for each.

**INTERROGATORY NO. 26:** To Plaintiff: Identify the name, address, and current telephone for the other party on the call for each call listed on the jail phone log for time you were in jail following your arrest in this matter.

**ANSWER:** Plaintiff objects to this Interrogatory for the reason it seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff does not have the jail phone log.

**DEFICIENCY:** The telephone log was produced at MPLS000024-000029, and on the CD bates-labeled MPLS 000062 (open the file named "index.")

**REQUESTS FOR PRODUCTION OF DOCUMENTS:**

**REQUEST FOR PRODUCTION NO. 1:** To all parties: Produce legible copies of all documents and statements relating to the facts and circumstances alleged in the Complaint or any of your affirmative defenses.

**RESPONSE:** Plaintiff objects to this Request as overly broad, global, and burdensome as it seeks to require Plaintiff to provide all documents and statements relating to his claims and defenses. Plaintiff objects to providing privileged emails or communications, or work product documents sent by or between or prepared by him and/or his attorneys.

The following were previously provided in initial disclosures: Eight photographs taken by Minneapolis Police personnel on the date of the incident, Plaintiff's medical records from Midland Memorial Hospital from treatment on December 5, 2016, Minneapolis Police Department case Report with Supplements for case no. MP-16-432812.

Plaintiff is providing a letter from Jerri Kounce, LPC-S, NCC and photos of Plaintiff's injuries taken on or about December 7, 2016.

**DEFICIENCIES:** Plaintiff has not provided authorization for release of his employment records, but presumably has at least constructive possession of these himself, including but not limited to paychecks for the time damages are claimed, time-off requests, and tax records reflecting income. These are responsive, please provide them.

**REQUEST FOR PRODUCTION NO. 6:** To Plaintiff: Produce legible copies of all documents relating or referring to any mental or psychological treatment, care or consultation you received, which you claim to the incident alleged in the Complaint.

>   **RESPONSE:** Plaintiff objects to this Request as overly broad, global, and burdensome as it seeks to require Plaintiff to provide all documents and statements relating to his claims and defenses.

**DEFICIENCIES:** Plaintiff provided a letter from his treating therapist, Jerri Kounce, but has not provided any treatment notes or other documents created by her to support his claims. Those are relevant and responsive, and should be provided.

>   **REQUEST FOR PRODUCTION NO. 7:** To Plaintiff: Produce legible copies of all medical reports, requests, recommendations, referrals, diagnoses, instructions, treatment, exams, prescriptions, expenses, costs, bills or billing statements, invoices, summaries or other writings or charts which in any way relate to the injuries you claim to have sustained as a result of the incident alleged in the Complaint.

>   **RESPONSE:** Plaintiff objects to this Request as overly broad, global, and burdensome as it seeks to require Plaintiff to provide all documents and statements relating to his claims and defenses. Plaintiff objects to providing privileged emails or communications, or work produce documents sent by or between or prepared by him and/or his attorneys.

**DEFICIENCIES:** Plaintiff has not produced any medical or psychological care and treatment bills to demonstrate his damages. Those are relevant and responsive to this Request and should be provided.

>   **REQUEST FOR PRODUCTION NO. 16:** To Plaintiff: Fully executed authorizations for the release of the following records (blank authorizations enclosed):
>
>   a.   All records of the Hennepin County Jail.
>   b.   Medical records from all medical professionals from whom or institutions from which Plaintiff sought medical treatment or consultation since December 1, 2006, including any chemical dependency treatment records, [sic]
>   c.   Emotional or psychological treatment records from all emotional or psychological professionals from whom or institutions from which Plaintiff sought emotional or psychological treatment or consultation since December 1, 2006.
>   d.   Employment records of all employers that employed Plaintiff for the preceding 10 years.
>   e.   Authorizations to obtain the state and federal tax returns for Plaintiff for the preceding 10 years.

*Anastacio Lopez v. City of Minneapolis*
Court File No. 17-cv-01179-RHK-KMM
Page 10

    f.    Educational records for all educational institutions attended by Plaintiff.

    **RESPONSE:** Plaintiff objects because requests for production cannot be used to compel an opposing party to sign an authorization for the release of records. *See, e.g., E.E.O.C. v. Randall Ford, Inc.*, 298 F.R.D. 573, 575 (W.D. Ark. 2014); *Fields v. West Virginia State Police*, 264 F.R.D. 260, 262 (S.D. W. Va. 2010); *Mills v. East Gulf Coal Preparation Co., LLC,* 259 F.R.D. 118, 133 (S.D. W. Va. 2009); *Klugel v. Clough*, 252 F.R.D. 53, 55 (D.D.C. 2008); *Becker v. Securitas Sec. Services USA, Inc.*, No. CIV. A. 06-2226, 2007 WL 677711, at *3 (D. Kan. March 2, 2007) *Clark v. Vega Wholesale Inc.*, 181 F.R.D. 470, 471 (D. Ne. 1998). Plaintiff objects to providing access to his tax returns as well as his educational records, as this seeks information that is overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to providing access to the preceding 10 years of employment records as this seeks information that is overbroad, irrelevant, immaterial, and not reasonable calculated to lead to the discovery of admissible evidence. [sic] but will not oppose a subpoena to his employer LPZ Enterprises LLC to produce the past 2 years of employment records.

**DEFICIENCIES:** Plaintiff agreed to provide these signed authorizations in a February 15, 2018, email from attorney Courtney Burns. If Plaintiff is refusing to provide the authorizations requested, he should provide the underlying records himself, immediately.

I look forward to hearing from you.

Sincerely,

*s/Ivan Ludmer*

Ivan Ludmer
Assistant City Attorney

cc:    Genevieve LeFevour and Kevin Pacini, Johnson & Bell, Ltd.; Donald Heeman, Daniel Robert Moses Haller, and Jessica Nelson, Felhaber Larson; James W. Keeler, Jr., Christiana M. Martenson, Hennepin County Attorney Office

# EXHIBIT C



Office of the City Attorney
Susan L. Segal
City Attorney
350 S. Fifth St., Room 210
Minneapolis, MN 55415
TEL 612.673.3000  TTY 612.673.2157
www.minneapolismn.gov

Direct 612.673.2072
sara.lathrop@minneapolismn.gov

June 7, 2018

*VIA EMAIL*

Michael Nadimi, Esq.
The Nadimi Law Group LLC
80 South 8th Street, Suite 900
Minneapolis, MN  55402

Michael S. Martinez
Courtney Burns
Martinez Hsu, P.C.
1601 E. Lamar Blvd., Suite 114
Arlington, TX 76011

Re:   *Anastacio Lopez v. City of Minneapolis*
       Court File No. 17-cv-01179-RHK-KMM

Dear Counsel:

Thank you for providing amended discovery responses and additional documents on June 1, 2018.  I write to follow up on a few remaining issues.

1. The earliest paystub Mr. Lopez provided is for the pay period 11/20/16-12/3/16.  The incident in question occurred on 12/1/16.  Kindly provide paystubs for the two years of pay periods before the incident in question.

2. Mr. Lopez produced documents marked Amended Production000001 to Amended Production000002 showing certain purchases.  It appears that many purchases are redacted.  Please explain why are these purchases redacted.

3. To my knowledge, you have not provided any medical bills of any kind for treatment of Mr. Lopez.  Please supplement your disclosures with all bills for treatment relating to this matter.

4. In Mr. Lopez's discovery responses, you identified Kayla and Kevin Herrera as witnesses, but provide no contact information for them and say they may be reached through your law firm.  Last week on our telephone conference, you

Michael Nadimi
Michael S. Martinez
Courtney Burns
June 7, 2018
Page 2

      stated that your firm does not represent Kayla and Kevin Herrera. Does your firm represent Kayla and Kevin Herrera? If not, please provide their contact information immediately.

5. Mr. Lopez identified Mr. Nadimi as a person who has "provided a statement, signed or unsigned, oral or written, related to the Incident." Please specify to what statements by Mr. Nadimi this answer refers.

6. Mr. Lopez has not served responses to Set II of the City Defendants' Requests for the Production of Documents. Plaintiff's responses were due on May 31, 2018. Please advise when we will we be receiving these responses.

7. Your client LPZ Enterprises LLC was subpoenaed for documents on May 1, 2018. The documents were due May 21, 2018. Please advise when we will we be receiving these documents.

Finally, please note that the City Defendants will move to exclude any damages not described in Mr. Lopez's disclosures and not supported by evidence produced in discovery.

Very truly yours,

*s/Sara J. Lathrop*

Sara J. Lathrop
Assistant City Attorney

cc:    Genevieve LeFevour & Kevin Pacini, Johnson & Bell, Ltd.
       Donald Heeman, Daniel Robert Moses Haller, Jessica Nelson, Felhaber Larson
       James W. Keeler, Jr., Christiana M. Martenson, Hennepin County Attorney Office