UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Anastacio Lemus Lopez,                                                         Civ. No. 17-1179 (PAM/TNL)

            Plaintiff,

v.                                                                                                    **MEMORANDUM AND ORDER**

Minnesota Vikings Football Stadium, LLC,
Monterrey Security Consultants, Inc.,
Minnesota Sports Facilities Authority, SMG,
Janee Harteau, Andrew Hodynsky, Russell
Cragin, Anthony Rodin, Michael Grahn,
Stephen McCarty, Gerald Moore, Michael
Fossum, Richard W. Stanek, David J. Hough,
Michael O. Freeman, being sued in their
individual and official capacities, Minnesota
Vikings Football, LLC, Hennepin County, and
City of Minneapolis,

            Defendants.

---

This matter is before the Court on Defendant Hennepin County's[1] Motion to Dismiss. For the following reasons, the Motion is granted.

**BACKGROUND**

During a Minnesota Vikings game at the U.S. Bank Stadium, Defendant Minneapolis police officers and an employee of Defendant Monterrey Security Consultants, Inc., were escorting Plaintiff Anastacio Lemus Lopez to a security processing center before ejecting him from the venue. (Am. Compl. (Docket No. 93)

---

[1] The Amended Complaint names Defendant Hennepin County, as well as Defendants County Administrator David J. Hough, Sheriff Richard W. Stanek, and County Attorney Michael O. Freeman ("the individual County Defendants"). The Court will reference all County Defendants as "the County" and the individual County Defendants as applicable.

¶¶ 30-38.) On the way, they allegedly "attacked [Lopez] while [he] was in custody, due to his color and ethnicity." (Id. ¶ 1.) One Defendant police officer discharged his Taser on Lopez twice. (Id. ¶¶ 60-64.) The officers also allegedly hit and punched Lopez while he was pinned down on the floor. (Id. ¶¶ 51-52.)

Paramedics on scene removed the Taser probes and treated Lopez for injuries to his right eye. (Id. ¶ 71.) The officers ultimately transported Lopez to the Hennepin County jail, where he was booked for attempting to disarm a police officer. (Id. ¶ 73.) The next day, a state court judge found sufficient probable cause to order Lopez's continued detention. (Martenson Decl. (Docket No. 148) Ex. 1.) A jury ultimately found Lopez not guilty. (Am. Compl. ¶ 79.) Lopez alleges that the County "falsely arrested, incarcerated, maliciously prosecuted, and failed to provide adequate medical attention." (Id. ¶ 78.)

The 14-Count Amended Complaint contains nine Counts against the County, including excessive use of force (Count I); a Monell violation (Count II); a § 1985 violation for conspiring to deprive Lopez of his civil rights (Count III); negligent failure to provide adequate medical care (Count VI); negligent training, hiring, retention, and supervision (Count VII); false imprisonment (Count XI); malicious prosecution (Count XII); and respondeat superior claims for intentional and negligent misconduct (Counts XIII and XIV). The County moves to dismiss for failure to state a claim.

**DISCUSSION**

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the allegations in the Amended Complaint to be true and construes all reasonable inferences

2

from those facts in the light most favorable to the non-moving party. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). But the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions that the plaintiff draws from the facts pled. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

A complaint must contain "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

**A.   § 1983 Individual-Capacity Claims**

Count I is a claim under 42 U.S.C. § 1983, alleging that the individual County Defendants violated Lopez's rights under the Fourth and Fourteenth Amendments. (Am. Compl. ¶¶ 80-81.) "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.

Here, the Amended Complaint fails to allege a discrete act by any of the individual County Defendants. Cf. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (affirming

dismissal of a § 1983 complaint for "fail[ure] to allege facts supporting any individual defendant's personal involvement" in the alleged violation of plaintiff's constitutional rights). Thus, Count I is dismissed against the individual County Defendants.

**B.     Municipal Liability**

Lopez claims that the County is liable under § 1983 for inadequately training its employees to provide medical assistance to inmates in jail. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). As relevant here, "liability for a constitutional violation may attach to a municipality if the violation resulted from . . . a deliberately indifferent failure to train or supervise." Corwin v. City of Independence, 829 F.3d 695, 699 (8th Cir. 2016); accord City of Canton v. Harris, 489 U.S. 378, 389 (1989). A claim for inadequate training exists if (1) the county's "training practices [were] inadequate"; (2) the "failure to train reflects a deliberate or conscious choice" by the county; and (3) the "alleged deficiency in the . . . training procedures actually caused the plaintiff's injury." Parrish v. Ball, 594 F.3d 993, 997 (8th Cir. 2010) (alterations in original) (quotations omitted). Establishing deliberate indifference on a failure-to-train claim generally requires "[a] pattern of similar constitutional violations by untrained employees." Connick v. Thompson, 563 U.S. 51, 62 (2011).

Lopez argues that "Hennepin County Jail's policies/lack of policies were violated during his stay in their custody as he was not given any medical treatment, despite countless requests and his obvious physical appearance." (Pl.'s Opp'n Mem. (Docket No. 150) at 4.) But he acknowledges that the Amended Complaint fails to reference any

specific jail policy or pattern of constitutional violations.[2] The allegations in the Amended Complaint are thus insufficient to support a Monell claim.

Lopez also contends that he need not allege a pattern of similar constitutional violations because the unconstitutional consequence of the County's failure to train is "patently obvious." Connick, 563 U.S. at 64; Canton, 489 U.S. at 390 n.10 (creating single-incident liability for Monell claims). But the County's alleged failure to train is simply not patently obvious. And even if it was, Lopez also failed to allege deliberate indifference—that "it was so predictable that failing to train [the County's employees] amounted to conscious disregard" for Lopez's constitutional rights. Connick, 563 U.S. at 71 (emphasis omitted). Count II is dismissed against the County.

## C.   § 1985 Conspiracy Claim

Section 1985(3) provides for a cause of action to recover damages against two or more persons who conspire "for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." To state a claim under § 1985(3), Lopez "must allege (1) a conspiracy, (2) for the purpose of depriving another of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property, or the deprivation of a legal right." Federer v. Gephardt, 363 F.3d 754, 757-58 (8th Cir. 2004) (quotation omitted). Lopez must also "allege with particularity and specifically demonstrate with material facts that the defendants reached

---

[2] Lopez submitted a newspaper article with his opposition memorandum in an attempt to demonstrate a pattern of the County's constitutional violations. (See Docket No. 151.) But this article may not be considered on a motion to dismiss.

an agreement." Johnson v. Perdue, 862 F.3d 712, 717-18 (8th Cir. 2017) (quotation omitted).

Here, Lopez alleges that Defendants conspired to deprive him of "equal protection of the laws," in part, because of his race. (Am. Compl. ¶¶ 1, 87.) The County's alleged role in the conspiracy was "using unreasonable and excessive force against Plaintiff while he was in custody including depriving him of adequate medical assistance." (Id. ¶ 88.) However, similar to Johnson, the Amended Complaint fails to allege with specificity that Defendants "reached an understanding to violate [Lopez's] rights." 862 F.3d at 718 (quotation omitted).

Lopez argues that the County "worked together through prosecution and continued detention to further the interests of all parties, specifically Minneapolis Police Department and the City of Minneapolis." (Pl.'s Opp'n Mem. at 5-6.) This allegation is not in the Amended Complaint. And regardless, the allegation still fails to "demonstrate with material facts that the defendants reached an agreement." Johnson, 862 F.3d at 717-18. This claim is dismissed against the County.

**D.    Negligent Failure to Provide Medical Care**

Lopez claims that the County was negligent in failing to provide him with proper medical care. (Am. Compl. ¶¶ 98-100.) A negligence claim requires "(1) the existence of a duty of care, (2) a breach of that duty, (3) an injury, and (4) the breach of the duty being the proximate cause of the injury." Funchess v. Cecil Newman Corp., 632 N.W.2d 666, 672 (Minn. 2001). The County has "a general duty to provide medical treatment to jail inmates." Thomsen v. Ross, 368 F. Supp. 2d 961, 978 (D. Minn. 2005) (Rosenbaum,

6

J.) (citing Minn. Stat. § 641.15). The County argues that Lopez failed to allege that it breached that duty and that any such breach did not cause Lopez further injury.

The Amended Complaint alleges that the individual County Defendants

> failed to provide adequate medical attention and assistance and denied Plaintiff access to treatment appropriate to his condition. Plaintiff was suffering from lacerations, contusions, and fractured ribs, yet he was not taken to a hospital or examined by a physician despite Plaintiff's repeated requests. The need for medical examination was obvious given the preceding events and Plaintiff's visible injuries. Plaintiff could reasonably have been suffering a concussion and/or internal hemorrhage that would have resulted in serious injury or death without medical attention.

(Am. Compl. ¶ 74.) But this allegation is conclusory; the Amended Complaint does not state any facts related to when or how Lopez requested—or the individual County Defendants actually denied—medical assistance.

With respect to injury, the Amended Complaint simply claims that the County's negligence "contributed to [Lopez's] physical and emotional harm and placed him in danger of severe complications." (Id. ¶ 99.) This allegation demonstrates only that the County's alleged failure to provide treatment could have caused him further injury, not that Lopez actually realized any specific harm as a result of the County's alleged conduct. See Reliance Ins. Co. v. Arneson, 322 N.W.2d 604, 607 (Minn. 1982) ("[T]he threat of future harm, not yet realized, will not satisfy the damage requirement.").

At the hearing on the County's Motion to Dismiss, Lopez stated that the severity of his injuries worsened due to the lack of medical care he received while in custody, but this allegation is not in the Amended Complaint, and is in any event conclusory. Lopez

7

has failed to allege facts sufficient to establish breach or causation, and his negligence claim against the County is dismissed.

### E. Negligent Training, Hiring, Retention, and Supervision

Lopez claims that the County's "fail[ure] to exercise the appropriate supervision, control, authority, training and/or discipline" caused his injuries. (Am. Compl. ¶¶ 101-03.) But "Minnesota law does not recognize a cause of action for negligent training." Johnson v. Peterson, 734 N.W.2d 275, 277 (Minn. Ct. App. 2007). And hiring, retention, and supervision decisions are discretionary acts that entitle a municipality to statutory immunity. Gleason v. Metro. Council Transit Operations, 563 N.W.2d 309, 320 (Minn. Ct. App. 1997), aff'd in part, rev'd in part on other grounds, 582 N.W.2d 216 (Minn. 1998). The County is a municipality, see Minn. Stat. § 466.01, subd. 1, and thus entitled to statutory immunity on these claims.

Even if statutory immunity does not apply, the Amended Complaint contains insufficient factual allegations to establish a negligent hiring claim. Such a claim requires an allegation that the employer hired a person even though the employer "knew or should have known" that a person's incompetence would cause foreseeable harm. Ponticas v. K.M.S. Invs., 331 N.W.2d 907, 912 (Minn. 1983). Negligent retention and supervision claims require an allegation that an employer failed to take remedial measures against its employee, or failed to exercise reasonable care to supervise its employee, after the employer became aware or should have become aware that the employee's incompetence could foreseeably cause harm. Benson v. Nw. Airlines, Inc., 561 N.W.2d 530, 540 (Minn. Ct. App. 1997) (negligent retention); Oslin v. State, 543

8

N.W.2d 408, 415 (Minn. Ct. App. 1996) (negligent supervision). The Amended Complaint fails to allege anything about what the County knew or should have known with respect to its employees.

The claims for negligent training, hiring, retention, and supervision against the County are dismissed.

**F.     False Imprisonment**

Lopez claims that the County falsely imprisoned him, arguing that it lacked probable cause to detain him at the Hennepin County Jail. (Am. Compl. ¶¶ 113-15.) But a defense to a false imprisonment claim exists if a jailer acts "in reliance upon a commitment fair and valid on its face and issued by a court." Peterson v. Lutz, 3 N.W.2d 489, 489 (Minn. 1942) (citing Weigel v. Brown, 194 F. 652, 655 (8th Cir. 1912)).

Here, the County detained Lopez pursuant to an order and probable-cause finding issued by a state-court judge. Although he believes that law enforcement lacked probable cause to arrest and detain him, Lopez does not dispute that this order was valid on its face. The County detained Lopez pursuant to that state-court order. Thus, this claim is dismissed against the County.

**G.     Malicious Prosecution**

In Count XII, the Amended Complaint claims that the County maliciously prosecuted Lopez. (Am. Compl. ¶¶ 116-18.) However, "public prosecutors, when acting within the scope of their duties by filing and maintaining criminal charges, are absolutely immune from civil liability." Brown v. Dayton Hudson Corp., 314 N.W.2d 210, 214 (Minn. 1981). Lopez did not address this claim in his opposition brief, apparently

9

conceding that absolute immunity apples. This claim is therefore dismissed against the County.

## H. Respondeat Superior Claims

Lopez claims that the County is vicariously liable for intentional and negligent misconduct related to his claims for malicious prosecution, negligence, and false imprisonment. "For respondeat superior [liability] to lie, there must be, first, an actor personally liable for the tort, and, second, the actor must be within the scope of the employment by the employer." Leaon v. Washington Cty., 397 N.W2d 867, 874 (Minn. 1986). Here, the Amended Complaint identifies only the individual County Defendants as actors. (Am. Compl. ¶¶ 120, 124.) But it does not state what they did or did not do.

Lopez asserts that an assistant County attorney acted negligently by charging him, despite a clear lack of probable cause. This allegation is not in the Amended Complaint, and regardless, this claim is meritless because Lopez does not dispute that the charging attorney is entitled to absolute immunity.

Regarding his negligence claim, Lopez contends that the individual actors who allegedly failed to provide him adequate medical care must have been County employees, such as sheriff's deputies or jail staff. But the Amended Complaint alleges only that the individual County Defendants failed to provide adequate medical attention and does not mention any other County employee. (Id. ¶ 74.) In any event, Lopez's negligence claim fails because the Amended Complaint contains no allegations related to the County's alleged denial of medical care and fails to identify any injury the County caused. The respondeat superior claims against the County are dismissed.

**I.     Leave to Amend Complaint**

Lopez may only amend his pleadings with the Court's leave. Fed. R. Civ. P. 15(a)(2). Lopez asks for permission to amend his Amended Complaint in the alternative to dismissal, but throughout his opposition memorandum, he repeatedly asserts that he has pleaded sufficient allegations and that the discovery process will uncover additional facts to support his claims. Lopez has failed to identify sufficient facts "to raise a reasonable expectation that discovery will reveal" the desired evidence. Twombly, 550 U.S. at 556. Further amendments with respect to the County would be futile, and Lopez's request to amend the Amended Complaint is denied.

**CONCLUSION**

The Amended Complaint fails to state any claim against the County on which relief can be granted, and the Court does not grant Lopez leave to amend his Amended Complaint. Accordingly, **IT IS HEREBY ORDERED that**:

1. The County's Motion to Dismiss (Docket No. 140) is **GRANTED**; and
2. The Amended Complaint (Docket No. 93) is **DISMISSED with prejudice** against Defendants Hennepin County, David J. Hough, Michael O. Freeman, and Richard W. Stanek.

Dated: June 12, 2018                              *s/ Paul A. Magnuson*
                                                            Paul A. Magnuson
                                                            United States District Court Judge