## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Anastacio Lemus Lopez,

                Plaintiff,          Case No. 17-cv-01179-PAM-TNL

     vs.

Minnesota Vikings
Football Club, LLC et al.,

                Defendants.

                      **DECLARATION OF SARA LATHROP
IN SUPPORT OF
CITY DEFENDANTS'
MOTION TO COMPEL**

---

STATE OF MINNESOTA        )
                             ) ss.
COUNTY OF HENNEPIN     )

     1.     My name is Sara J. Lathrop. I am an Assistant City Attorney and I am one of the attorneys representing City of Minneapolis Defendants in this matter. I submit this Declaration in support of City Defendants' Motion to Compel.

     2.     Attached as Exhibit A is a true and correct copy of Plaintiff's Rule 26(a)(1) Initial Disclosures in this matter, dated September 15, 2017.

     3.     On January 11, 2018, City Defendants served their first set of discovery requests on Plaintiff by U.S. mail. Plaintiff responded on February 15, 2018.

     4.     Attached as Exhibit B is a true and correct copy of City Defendants' second set of requests for production of documents, served on Plaintiff on May 1, 2018. As of August 7, 2018, Plaintiff has not provided written responses or identified documents produced in response to these requests.

5.     Attached as Exhibit C is a true and correct copy of a May 3, 2018, discovery deficiency letter from my co-counsel Ivan Ludmer to Plaintiff.

6.     Attached as Exhibit D is a true and correct copy of Plaintiff's amended responses to City Defendants' interrogatories.

7.     Attached as Exhibit E is a true and correct copy of Plaintiff's amended responses to City Defendants' first set of requests for production.

8.     Attached as Exhibit F is a true and correct copy of documents bates stamped Amended Production000001-02, produced in this matter by Plaintiff.

9.     Plaintiff produced pay stubs in this matter, but only for the period ending December 3, 2016, and forward.

10.    Plaintiff has not produced medical bills or invoices in this matter.

11.    On or about May 31, 2018, the parties met and conferred via telephone. During that conversation, Plaintiff's counsel stated that he did not represent Kevin and Kayla Herrera. I asked Plaintiff's counsel to either provide contact information for these witnesses or state unequivocally that he represents them. As of August 7, 2018, he has not done so.

12.    Attached as Exhibit G is a true and correct copy of a June 7, 2018 letter from me to Plaintiff addressing discovery response deficiencies.

13.    Attached as Exhibit H is a true and correct copy of an email string among counsel for the parties, ending with an August 3, 2018 email from Plaintiff's counsel Michael S. Martinez.

2

14.     Skip-tracing services for Kayla Herrera and Kevin Herrera cost $95 per person, for a total of $190. For the time to prepare deficiency letters, address the missing discovery, meet-and-confer, and prepare this motion, attorneys for the City Defendants have spent at a minimum 15 hours on the issue. These attorneys are paid on salary, but each have between seven and seventeen years of litigation experience. While a significantly higher hourly fee would therefore be justifiable, the City Attorney's Office typically values its time at $185/hour for these matters. Accordingly, the minimum cost City Defendants have incurred is $2,965, plus other costs and expenses including filing fees.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 8, 2018                                    /s/ *Sara J. Lathrop*
                                                          Sara J. Lathrop