UNITED STATES DISTRICT COURT DISTRICT OF MINNESOTA

| | |
|---|---|
| Anastacio Lemus | Case No. 17-cv-01179 (PAM/TNL) |
| Lopez, Plaintiff, | |
| v. | **PLAINTIFF ANASTACIO LOPEZ'S AMENDED OBJECTIONS AND RESPONSES TO INTERROGATORIES BY CITY OF MINNEAPOLIS DEFENDANTS** |
| Minnesota Vikings Football, LLC, et al., | |
| Defendants. | |

TO: Defendants Russell Cragin, Anthony Rodin, Michael Grahn, Michael Fossum, Stephen McCarty, Janeé Harteau, and the City of Minneapolis (the "City Defendants"), by and through their attorneys of record, Sara J. Lathrop and Ivan Ludmer, Minneapolis City Attorney's Office, 350 South Fifth Street, Room 210, Minneapolis, MN 55415.

Plaintiff Anastacio Lopez serves his amended answers and objections to the Interrogatories by City of Minneapolis Defendants pursuant to Federal Rule of Civil Procedure 33.

Dated: 6/01/2018           s/ Michael S. Martinez

MICHAEL P. NADIMI (0397353)
The Nadimi Law Group, LLC
IDS Center
80 South 8th Street, Suite 900
Minneapolis, MN  55402
  (612) 348-2925
  mail@nadimilaw.com

MICHAEL S. MARTINEZ (pro hac vice)
Martinez Hsu, P.C.
4001 Airport Freeway, Suite 150
  Bedford, Texas 76021
    (682) 224-7810
msmartinez@mhlegalgroup.com

*Attorneys for Plaintiff Anastacio Lemus Lopez*

## AMENDED RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

To all parties: State the full name and job title of the person signing responses to these Interrogatories, and any person who provided information responsive to these Interrogatories.

**ANSWER:** Anastacio Lemus Lopez, truck driver/office manager. Some information received from various defendants and news sources.

**INTERROGATORY NO. 2:**

To Plaintiff: State your full name, all other names by which you have been known, social security number, date of birth, home address, business address, phone number(s), education, occupation, marital status, and the full name of your present and/ or any prior spouse.

**ANSWER:** Anastacio Lemus Lopez, no other names, SSN xxx-xx-x105, DOB 5/9/1982, Home address: 6800 Elkins Rd. #C, Midland, TX 79705, Business address: 4500 W. Illinois St. Suite 305, Midland, TX 79703, phone number: 432-296-2666, education: high school diploma, some college, occupation: truck driver/office manager, Marital status: single, no prior spouse.

**INTERROGATORY NO. 3:**

To all parties: Identify by name, address and telephone number each and every person known to you, or those acting on your behalf, who have knowledge of the facts and circumstances of the events and/ or injuries claimed in the Complaint or who claim to have such knowledge.

**ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his injury and damage. Plaintiff does not object to providing its general factual contentions in this case but objects to this Interrogatory as worded.

Anastacio Lopez
c/o Martinez Hsu, P.C.
1601 E. Lamar Blvd. Ste. 114
Arlington, TX 76011
682-224-7810

Ignacio Lopez (brother)
c/o Martinez Hsu, P.C.
1601 E. Lamar Blvd. Ste. 114
Arlington, TX 76011
682-224-7810

---

Rufino Lopez (brother)
c/o Martinez Hsu, P.C.
1601 E. Lamar Blvd. Ste. 114
Arlington, TX 76011
682-224-7810

Rufino Lopez (father)
c/o Martinez Hsu, P.C.
1601 E. Lamar Blvd. Ste. 114
Arlington, TX 76011
682-224-7810

Florence Lopez (mother)
c/o Martinez Hsu, P.C.
1601 E. Lamar Blvd. Ste. 114
Arlington, TX 76011
682-224-7810

Gabriel Lopez (brother)
c/o Martinez Hsu, P.C.
1601 E. Lamar Blvd. Ste. 114
Arlington, TX 76011
682-224-7810

Kevin Herrera
c/o Martinez Hsu, P.C.
1601 E. Lamar Blvd. Ste. 114
Arlington, TX 76011
682-224-7810

Kayla Herrera
c/o Martinez Hsu, P.C.
1601 E. Lamar Blvd. Ste. 114
Arlington, TX 76011
682-224-7810

John Ganley (Minneapolis attorney)
3140 Chowen Ave S. Ste. 433
Minneapolis, MN 55416
612-821-1060

Samiur Khandker, MD
400 Rosalind Redfern Grover Parkway
Midland, TX 79701
432-221-5252
Any and all other health care providers associated with Samiur Khandker, MD involved in the examination, diagnosis, care, or treatment of Plaintiff.
Custodian of records for Samiur Khandker, MD.

Brian Beauvais, PA-C
400 Rosalind Redfern Grover Parkway
Midland, TX 79701
432-221-1558
Any and all other health care providers associated with Brian Beauvais, PA-C involved in the examination, diagnosis, care, or treatment of Plaintiff.
Custodian of records for Brian Beauvais, PA-C.

Jerri Kounce, LPC-S, NCC
4500 W. Illinois Ave.
Midland, TX
797-553-4697

Russell Cragin
c/o Sara J. Lathrop
Assistant City Attorney
City of Minneapolis
350 S. Fifth St. – Room 210
Minneapolis, MN 55415
612-673-2072

Anthony Rodin c/o
Sara J. Lathrop
Assistant City Attorney
City of Minneapolis
350 S. Fifth St. – Room 210
Minneapolis, MN 55415
612-673-2072

Michael Grahn
c/o Sara J. Lathrop
Assistant City Attorney
City of Minneapolis
350 S. Fifth St. – Room 210
Minneapolis, MN 55415
612-673-2072

Plaintiff's Amended Responses to City Defendants'

Michael Fossum c/o
Sara J. Lathrop
Assistant City Attorney
City of Minneapolis
350 S. Fifth St. – Room 210
Minneapolis, MN 55415
612-673-2072

Stephen McCarty
c/o Sara J. Lathrop
Assistant City Attorney
City of Minneapolis
350 S. Fifth St. – Room 210
Minneapolis, MN 55415
612-673-2072

Gerald Moore
c/o Sara J. Lathrop
Assistant City Attorney
City of Minneapolis
350 S. Fifth St. – Room 210
Minneapolis, MN 55415
612-673-2072

Janeé Harteau
c/o Sara J. Lathrop
Assistant City Attorney
City of Minneapolis
350 S. Fifth St. – Room 210
Minneapolis, MN 55415
612-673-2072

Andrew Hodynsky
c/o Genevieve LeFevour
Johnson & Bell, Ltd.
33 West Monroe St. Suite 2700
Chicago, IL 60603-5404
312-984-0228

Any and all persons initially designated by any defendant, cross-claim plaintiff, or cross-claim defendant, or subsequently designated by Plaintiff or any defendant, cross-claim plaintiff, or cross-claim defendant.

(Please note that there were several calls made utilizing Plaintiff's calling code while in the Hennepin County Jail and thus there are calls from people other than Plaintiff but those individuals (names unknown) do not have any information pertaining to this matter.)

___

**INTERROGATORY NO. 4:**

To Plaintiff: Describe in detail the exact nature and character of each and every injury or damage you are claiming as a result of the incident alleged in the Complaint, including any pain, suffering, physical maladies, and/ or emotional distress.

**ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his injury and damage. Plaintiff does not object to providing its general factual contentions in this case but objects to this Interrogatory as worded.

Plaintiff was pushed into a golf cart, his head smashed into a concrete wall, and then violently forced to the concrete floor wherein his head violently struck the concrete floor. Plaintiff was then struck in the ribs with a knee numerous times, punched in the face with a closed fist multiple times, and repeatedly tased. Plaintiff suffered a concussion and lost consciousness during the altercation. He suffered blunt trauma injuries including contusions and pain, and punctures from the taser prongs. He suffered subconjunctival hemorrhaging, multiple contusions, and a sprained hand. He has permanent scarring on his torso, hand, and groin from the taser. To add insult to injury, Plaintiff was then refused medical treatment on multiple occasions while in the Hennepin County Jail thereby exacerbating his both his concussion symptoms and pain and suffering from his other various injuries sustained as a result of the altercation.  Plaintiff is no longer able to perform the duties of office manager at his place of work due to the distress this setting causes to him. Plaintiff has been forced to move to driving trucks instead because of his inability to interact with crowds/multiple people in a confined space. Plaintiff has had significant trouble sleeping since the incident. Plaintiff suffers chronic symptoms of PTSD including nightmares, panic attacks, flashbacks and a sense of general fear in public. Plaintiff continues to experience intense psychological and physiological distress when he sees and/or encounters law enforcement personnel. He has lost desire to associate with individuals outside of his family because of the anxiety resulting from this incident. He is also unable to attend public or sporting events or even watch sporting events on television because they trigger these severe PTSD symptoms.

**INTERROGATORY NO. 5:**

To Plaintiff: Describe in full detail any loss of earnings, wages, salaries or commissions or the capacity to earn such as a result of the incident alleged in the Complaint, and the basis for the loss.

**ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global and burdensome as it seeks to require Plaintiff to recite in an interrogatory all facts that support its factual and legal contentions.  Plaintiff does not objection to generally providing its factual and legal contentions in this case but objects to this Interrogatory as worded.

---

Plaintiff's Amended Responses to City Defendants'

Plaintiff was a salaried employee at the time of the incident and was forced to take his allotment of paid time off throughout the criminal process. In total Plaintiff was forced to take 20 days off. Plaintiff is no longer able to perform the duties of office manager at his place of work due to the distress this setting causes to him. As a result of this incident, Plaintiff has been forced to move to driving trucks because of his inability to interact with crowds/multiple people in a confined space. As a result of his move from the office to a truck, Plaintiff suffered lost earnings in the amount of $1,482.32 per month. Additionally, Plaintiff's future earning capacity as a truck driver is significantly lower than his future earning capacity as an office manager for a fast growing trucking business. He has lost the ability to earn additional salary as an office manager commensurate with his management of a rapidly growing office staff.

**INTERROGATORY NO. 6:**

To Plaintiff: Describe in full detail what measures, if any, were taken by you to alleviate the injuries or damages you allege to have sustained as a result of the incident described in the Complaint.

**ANSWER:** Plaintiff objects to this Interrogatory to the extent it exceeds the scope of Plaintiff's obligations under the Federal Rules of Civil Procedure regarding the timing and substance of Plaintiff's expert witness disclosure. Plaintiff will fully comply with its obligations regarding expert witness identification and disclosures under the Federal Rules of Civil Procedure and the Court's Scheduling Order regarding same.

Plaintiff continuously requested medical attention while in-custody at the stadium and jail. He complained of blacking out, losing and regaining consciousness, headaches, severe bruising, bleeding, pain and discomfort. Immediately upon his release and return to his hometown, he was treated at a local hospital (including CT Scan and treatment for lacerations and contusions). He is currently seeing a therapist for his emotional trauma stemming from the incident.

**INTERROGATORY NO. 7:**

Not directed toward Plaintiff.

**INTERROGATORY NO. 8:**

Not directed toward Plaintiff.

**INTERROGATORY NO. 9:**

To Plaintiff: Identify each and every medical professional and/or medical care institution, clinic or hospital, or mental or psychological treatment, care or consultation, that you have consulted or received care or treatment from, which you claim arose from the incident described in the Complaint, and for each include their present address, the reason or condition which caused you to receive the care or treatment and the dates thereof.

**ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome.

Samiur Khandker, MD
400 Rosalind Redfern Grover Parkway
Midland, TX 79701
432-221-5252
Injuries to head and body, nausea
December 6, 2016

Brian Beauvais, PA-C
400 Rosalind Redfern Grover Parkway Midland, TX 79701
432-221-1558
Injuries to head and body, nausea December 6,
2016

Jerri Kounce, LPC-S, NCC 4500
W. Illinois Ave.
Midland, TX 797-553-
4697
Psychological/physiological distress/PTSD symptoms
September 20, 2017 and weekly thereafter

## INTERROGATORY NO. 10:

To Plaintiff: Identify each and every medical professional and/or medical care institution, clinic or hospital, or mental or psychological treatment, care or consultation, that you have consulted or received care or treatment from between December 1, 2006 and December 1, 2016, and for each include their present address, the reason or condition which caused you to receive the care or treatment and the dates thereof.

**ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome. Plaintiff further objects to this Interrogatory for the reason it seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Various physicians at various minor emergency centers for minor ailments including but not limited to cold, flu, etc. Plaintiff had ankle surgery in 2013. Other than the ankle surgery, Plaintiff has had no significant injuries, diseases, procedures, or any other kind of medical treatment other than ordinary medical check-ups, colds or other minor ailments.

**INTERROGATORY NO. 11:**

To Plaintiff: State each and every fact upon which you base your claim that the conduct, behavior and/ or actions of any Minneapolis Police Department officer caused the injuries, damages or harm alleged in your Complaint or alleged in response to these Interrogatories. Please address each officer you identify separately, and please note that a detailed description of the actual basis for your claims against each officer is sought by this Interrogatory and not mere conclusions, legal theory, or attorney work product.

**ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff does not object to providing its general factual contentions in this case but objects to this Interrogatory as worded.

Defendant Rodin forcibly pushed Plaintiff into an electric golf cart vehicle parked in the corridor, causing Plaintiff nearly to lose his balance once again. Immediately after Plaintiff bounced off the electric vehicle, Defendant Rodin suddenly and violently grabbed Plaintiff with both hands and forcefully threw him head-first into a concrete wall, knocking over dozens of signs that had been stacked up against the wall and causing Plaintiff to fall to the concrete floor striking his head on the concrete floor and landing in a face-down position. Immediately after Plaintiff fell face-down on the hard concrete floor, Defendant Cragin rushed over and used his arms to place Plaintiff into a headlock, forcibly holding Plaintiff's head face down to the floor. At the same time as Defendant Cragin placed Plaintiff into a headlock, Defendant Rodin jumped on top of Plaintiff's legs and torso, using his weight and strength to pin Plaintiff to the ground. After Plaintiff was pinned face-down on the concrete floor by the two aforementioned defendants, both of Plaintiff's arms were pinned down by Defendant Cragin, with each arm raised above Plaintiff's shoulders yet firmly on the floor. While Plaintiff was pinned down on the concrete floor and unable to move his head or arms, Defendant Rodin used his right knee to deliver at least four forceful blows to Plaintiff's abdomen. Subsequently, while Defendant Cragin continued holding down Plaintiff's head and arms, Defendant Rodin turned Plaintiff slightly, so that Plaintiff was lying on his left side, and delivered two fist punches to Plaintiff's head while Plaintiff lay helplessly on the floor. Defendant Rodin then began maneuvering Plaintiff's left arm behind Plaintiff's back in preparation for handcuffing Plaintiff's hands behind Plaintiff's back, while at the same time, Defendant Cragin stopped pinning down Plaintiff's left arm so that the arm could be brought around behind Plaintiff's back for handcuffing. At this point, Plaintiff's body had been turned around so that Plaintiff was lying on his back, with Defendant Cragin releasing Plaintiff's head. When Defendant Cragin released Plaintiff's head, Plaintiff leaned his head slightly forward toward his chest, while his arms and body were still fully pinned to the floor by Defendants Rodin and Cragin. While Plaintiff was clearly still pinned down to the floor by both officers and helpless to defend himself, Defendant Rodin delivered another two fist punches to Plaintiff's face. In between Defendant Rodin's two punches to Plaintiff's face, Defendant Hodynsky grabbed and held Plaintiff's left arm so as to facilitate the punching. While Defendant Hodynsky was holding Plaintiff's left arm, Defendant Cragin removed his taser from his belt and pointed the taser at Plaintiff. At this point, Defendant Hodynsky let

---

Plaintiff's Amended Responses to City Defendants'

go of Plaintiff's left arm and Plaintiff's left arm harmlessly flailed from side to side as Plaintiff reeled from the pain of having been struck multiple times by Defendant Rodin. Shortly thereafter, Defendant Cragin leaned back and discharged his taser, causing taser probes to be lodged in Plaintiff's abdomen. The electric shock pain from Defendant Cragin's taser strike caused Plaintiff to bend forward and roll over slightly, which in turn caused the taser probes to fall out from Plaintiff's abdominal area. While Plaintiff was bending forward and waving his arms due to pain caused by the taser strike, Defendants Cragin and Rodin once again forcibly pushed Plaintiff down to the floor. Shortly thereafter, Defendant Cragin once again discharged his taser at Plaintiff, this time lodging probes into Plaintiff's right palm. At this point, Plaintiff promptly laid his head down on the floor and, while keeping both arms on the floor, raised both of his arms up in a surrender position. Shortly thereafter, Defendants Cragin and Rodin turned Plaintiff back around, so that Plaintiff was lying face-down on the floor, and began the process of handcuffing Plaintiff's hands behind his back. Around this time, Defendant Grahn appeared at the scene and assisted Defendants Cragin and Rodin with handcuffing Plaintiff, using his knees to forcibly keep Plaintiff pinned down while the other two cuffed Plaintiff, cuffing Plaintiff's left wrist with one pair of handcuffs, cuffing Plaintiff's right wrist with another pair of handcuffs, and then cuffing the two handcuff pairs together. Throughout the time that Defendants Rodin, Cragin and Grahn dealt with Plaintiff, Defendant Hodynsky stood close by and either observed the assault or gave instructions to the other defendants in between marking something down on a clipboard or directing passing stadium staff members not to watch the violent scene. After Defendants Rodin, Cragin and Grahn finished handcuffing Plaintiff, they instructed Plaintiff to stand up and pulled Plaintiff up by his left arm and shoulder until Plaintiff stood up, with Defendant Rodin holding Plaintiff's arms from behind. To add insult to injury, Plaintiff was then refused medical treatment on multiple occasions while in the Hennepin County Jail thereby exacerbating his both his concussion symptoms and pain and suffering from his other various injuries sustained as a result of the altercation. Plaintiff is no longer able to perform the duties of office manager at his place of work due to the distress this setting causes to him. Plaintiff has been forced to move to driving trucks instead because of his inability to interact with crowds/multiple people in a confined space. Plaintiff has had significant trouble sleeping since the incident. Plaintiff suffers chronic symptoms of PTSD including nightmares, panic attacks, flashbacks and a sense of general fear in public. Plaintiff continues to experience intense psychological and physiological distress when he sees and/or encounters law enforcement personnel. He has lost desire to associate with individuals outside of his family because of the anxiety resulting from this incident. He is also unable to attend public or sporting events or even watch sporting events on television because they trigger these severe PTSD symptoms.

**INTERROGATORY NO. 12:**

To Plaintiff: If you have pled guilty to a crime, been convicted of any crime, or been released from confinement from a conviction, including any confinement in any juvenile detention facilities, identify the specific crimes and dates of conviction, date of release from confinement from any conviction, and the name and location of the court that adjudicated or presided over the criminal proceeding.

**ANSWER:** See Preliminary Objection to Discovery recited above. Plaintiff further objects to this Interrogatory for the reason it is overly broad, global, and burdensome. Plaintiff

further objects to this Interrogatory for the reason it seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

None.

### INTERROGATORY NO. 13:

To Plaintiff: Identify all facts that support your allegations in Paragraph 83 of the Complaint that Defendant City of Minneapolis (1) "[i]mproperly train[ed], authoriz[ed], encourag[ed], or direct[ed] officers and deputies to engage in excessive force including failure to provide adequate medical care, and/or condoning such actions;" and (2) "fail[ed] to instruct, supervise, control and discipline officers on a continuing basis" regarding the duties described in Paragraph 83(b) of the Complaint.

**ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff does not object to providing its general factual contentions in this case but objects to this Interrogatory as worded.

Unnecessary use of close-fisted strikes to the face. Excessive or unnecessary use of knee strikes to vital organs/head. Deploying taser gun at close range. Excessive, unnecessary and overuse of taser. Failing to communicate effectively with other officers before and during altercation. Failure to properly communicate with private security personnel before and during altercation. Failure to properly distinguish, delegate and implement duties with private security at the game. Failure to distinguish or delegate responsibilities with private security. Failed to provide plaintiff with adequate treatment by a licensed physician, neurologist or medical professional with specialized knowledge of concussions, hemorrhaging or hematomas after having detailed knowledge of degree of force used upon Plaintiff and his loss of consciousness during and after the altercation.

### INTERROGATORY NO. 14:

To Plaintiff: Describe in detail the training in Paragraph 84 of the Complaint that Defendants Cragin Rodin, Grahn, Fossum, McCarty, and Moore allegedly acted consistent with, and the alleged actions they took that were consistent with that training.

**ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff does not object to providing its general factual contentions in this case but objects to this Interrogatory as worded.

Defendants Cragin and Rodin testified at Plaintiff's criminal trial that their actions during the incident were consistent with their training.

**INTERROGATORY NO. 15:**

To Plaintiff: Identify all facts that support your allegations of conspiracy in Paragraphs 87 and 88 of the Complaint, including without limitation all communications or contacts that were allegedly used to form the conspiracy.

**ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff does not object to providing its general factual contentions in this case but objects to this Interrogatory as worded.

Defendants Cragin, Rodin, Grahn and Fossum acted together in misstated/misleading facts or in their reports or to their superiors in an attempt to make their attack/use of force on Plaintiff seem justified. Defendants Cragin and Rodin specifically misstated/fabricated alleged threatening statements and body language made by Plaintiff to justify their initial take-down and continued use of force on the Plaintiff. Defendant Grahn also further fabricated facts when stating Plaintiff resisted arrest upon Grahn's arrival after the strikes and tasing, which is directly disputed in surveillance video footage and not corroborated by any other officer. Defendants Cragin and Rodin also testified at Plaintiff's criminal trial.

**INTERROGATORY NO. 16:**

To Plaintiff: Identify all facts that support your allegation that individual supervisors and supervisors across all named Defendants "failed to exercise the appropriate supervision, control, authority, training and/ or discipline."

**ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff does not object to providing its general factual contentions in this case but objects to this Interrogatory as worded. Plaintiff further objects to this Interrogatory as duplicative of Interrogatory 13. All of those actions/inactions are result of failed training and or supervision as those acts/inactions go against common training/techniques employed by law enforcement in the community.

**INTERROGATORY NO. 17:**

To Plaintiff: If you claim that any City Defendant or any of the City of Minneapolis' agents, employees, supervisors, or representatives made any admissions of liability or damages or bad any conversations that may be construed as an admission of liability or damages about the incident or allegations in your Complaint, state in detail:
a.      The date, time, place and identity of each agent, employee, supervisor, or employer making such admission or statement;
b.      The substance of each such admission or statement;
c.      The name, address, age and occupation of the person(s) who will testify to each such admission or statement; and
d.      The name, address and occupation of the person(s) to whom each admission or statement was made.

Plaintiff's Amended Responses to City Defendants'

**ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff does not object to providing its general factual contentions in this case but objects to this Interrogatory as worded.

Defendants Cragin, Rodin, Grahn, and Moore discuss the incident as heard/seen in the body camera footage from December 1, 2016.

**INTERROGATORY NO. 18:**

To all parties: If you, or anyone acting on your behalf, has taken any statements, photographs, videos, or gathered any other evidence bearing on the facts and circumstances alleged in the Complaint state:
a. The name, address, occupation and telephone number of the person(s) giving such statement;
b. Whether such statement was oral or written and, if oral, whether it was reduced to written form and signed by the party;
c. The name, address, occupation and telephone number of the person taking such statement photograph, video, or such other factual evidence; and
d. The name, address, occupation and telephone number of the current custodian of each such statement, photograph, video or other factual evidence.

**ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff does not object to providing its general factual contentions in this case but objects to this Interrogatory as worded. Plaintiff has produced pictures depicting Plaintiff's injuries. Such pictures were taken by either Plaintiff or his brother Gabriel Lopez at or near the time of the incident.

a. n/a
b. n/a
c. Anastacio Lemus Lopez
   c/o Martinez Hsu, P.C.
   1601 E. Lamar Blvd. Ste. 114
   Arlington, TX 76011
   682-224-7810

   Gabriel Lopez
   c/o Martinez Hsu, P.C.
   1601 E. Lamar Blvd. Ste. 114
   Arlington, TX 76011
   682-224-7810
d. Same as c.

---
Plaintiff's Amended Responses to City Defendants'

**INTERROGATORY NO. 19:**

To all parties: Identify each and every person by name, address, occupation and telephone number that you or your agents and representatives have talked to or communicated with about the incident alleged in the Complaint, including, but not limited to, all witnesses and current or former employees of the Minneapolis Police Department and the City of Minneapolis, including Defendants.

**ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff does not object to providing its general factual contentions in this case but objects to this Interrogatory as worded. Plaintiff objects to providing occupations and telephone numbers because it seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

- Defendants Cragin, Rodin, Grahn. Sgt. Jackson.

- Unknown paramedics, security personnel, jail personnel, sheriff's deputies and/or police officers during December 1-7, 2016.

- All persons listed in Plaintiff's response to Interrogatory Nos. 3 and 9.

- Michael S. Martinez
  Courtney Burns
  Martinez Hsu, P.C.
  1601 E. Lamar Blvd. Ste. 114
  Arlington, TX 76011
  682-224-7810

- Michael P. Nadimi
  The Nadimi Law Group, LLC IDS Center
  80 South 8th Street, Suite 900
  Minneapolis, MN 55402
  651-808-7444

Plaintiff's Amended Responses to City Defendants'

**INTERROGATORY NO. 20:**

To Plaintiff: Identify any and all documents, statements or information that you provided to the Civilian Review Authority, Office of Police Conduct Review, City of Minneapolis' Department of Civil Rights, Internal Affairs Unit of the Minneapolis Police Department, or Hennepin County Attorney's Office relating to the incident described in your Complaint.

**ANSWER:** None except for discovery in this case.

**INTERROGATORY NO. 21:**

To Plaintiff: Identify each and every person by name, address, occupation and telephone number with whom you spoke at U.S. Bank Stadium the evening of December 1, 2016 and state the substance of that conversation.

**ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his claims. Plaintiff does not object to providing its general factual contentions in this case but objects to this Interrogatory as worded.

Kayla Herrera
c/o Martinez Hsu, P.C.
1601 E. Lamar Blvd. Ste. 114
Arlington, TX 76011
682-224-7810

Kevin Herrera
c/o Martinez Hsu, P.C.
1601 E. Lamar Blvd. Ste. 114
Arlington, TX 76011
682-224-7810

Sgt. Jackson. Law enforcement officer. Ordered Plaintiff to leave the stands and accompany him to a security processing center inside the stadium, where Plaintiff was to have his photograph taken and vital statistics recorded prior to being ejected from the venue

Russell Cragin. Law enforcement officer. Ordered Plaintiff to accompany him to security processing center. Conversed with Plaintiff before and after the assault incident.

Anthony Rodin. Law enforcement officer. Ordered Plaintiff to accompany him to security processing center. Conversed with Plaintiff before and after the assault incident.

Michael Grahn. Law enforcement officer. Ordered Plaintiff to accompany him to security processing center. Conversed with Plaintiff during and after the assault incident.

Unknown paramedics. Discussed removal of taser probes, discussed Plaintiff's injuries.

---

Possibly other unknown persons, e.g. transport personnel and medical personnel at the jail.

**INTERROGATORY NO. 22:**

Not directed to Plaintiff

**INTERROGATORY NO. 23:**

To all parties: Identify each and every person by name, address, occupation and telephone number that you intend to call as a witness at trial and state the facts to which each witness is expected to testify.

**ANSWER:** Plaintiff objects to this Interrogatory to the extent it exceeds the scope of Plaintiff's obligations under the Federal Rules of Civil Procedure regarding the timing and substance of Plaintiff's witness disclosure. Plaintiff will fully comply with its obligations regarding witness identification and disclosures under the Federal Rules of Civil Procedure and the Court's Scheduling Order regarding same. Plaintiff objects to providing occupations and telephone numbers because it seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Anastacio Lopez
c/o Martinez Hsu, P.C.
1601 E. Lamar Blvd. Ste. 114
Arlington, TX 76011
682-224-7810
Plaintiff. Knowledge of incident.

Ignacio Lopez
c/o Martinez Hsu, P.C.
1601 E. Lamar Blvd. Ste. 114
Arlington, TX 76011
682-224-7810
Plaintiff's brother. Knowledge of Plaintiff's injuries, condition after incident.

Jerri Kounce, LPC-S, NCC
4500 W. Illinois Ave.
Midland, TX
797-553-4697

Russell   Cragin
Anthony   Rodin
Michael Grahn
c/o Sara J. Lathrop
Assistant City Attorney
City of Minneapolis
350 S. Fifth St. – Room 210
Minneapolis, MN 55415
612-673-2072

Plaintiff's Amended Responses to City Defendants'

Defendant. Knowledge of incident.

Andrew Hodynsky
c/o Shannon L. Bjorklund
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Defendant. Knowledge of incident.

All persons listed in Plaintiff's response to Interrogatory Nos. 3, 9, 19, and 24.

**INTERROGATORY NO. 24:**

To all parties: Identify the name, address, place of employment and area of expertise for each person you expect to call as an expert witness at trial and for each state:
a. The subject matter to which the expert is expected to testify;
b. The substance of his/her opinion and the facts relied upon in forming the opinion; and,
c. A summary of the grounds for each opinion.

**ANSWER:** Plaintiff objects to this Interrogatory to the extent it exceeds the scope of Plaintiff's obligations under the Federal Rules of Civil Procedure regarding the timing and substance of Plaintiff's expert witness disclosure. Plaintiff will fully comply with its obligations regarding expert witness identification and disclosures under the Federal Rules of Civil Procedure and the Court's Scheduling Order regarding same.

Michael S. Martinez
Martinez Hsu, P.C.
1601 E. Lamar Blvd. Ste. 114
Arlington, TX 76011
682-224-7810
Plaintiff's attorney. Knowledge of attorney's fees.

Michael P. Nadimi
The Nadimi Law Group, LLC
IDS Center
80 South 8th Street, Suite 900
Minneapolis, MN 55402
651-808-7444
Plaintiff's attorney. Knowledge of attorney's fees.

Jerri Kounce, LPC-S, NCC
4500 W. Illinois Ave.
Midland, TX 797-553-4697
Plaintiff's counselor/therapist. Knowledge of Plaintiff's psychological/physiological distress/PTSD symptoms.

**INTERROGATORY NO. 25:**

To all parties: Identify all exhibits you intend to introduce as an exhibit at trial in this matter.

**ANSWER:** Plaintiff objects to this Interrogatory to the extent it exceeds the scope of Plaintiff's obligations under the Federal Rules of Civil Procedure regarding the timing and substance of Plaintiff's trial exhibit disclosure. Plaintiff will fully comply with its obligations regarding trial exhibit identification and disclosures under the Federal Rules of Civil Procedure and the Court's Scheduling Order regarding same.

(a)   Plaintiff's medical records from Midland Memorial Hospital from treatment on December 6, 2016.

(b)   Photographs taken by Minneapolis Police personnel on the date of the incident.

(c)   Security video from Vikings Stadium on the date of the incident.

(d)   Video from Officer Russell Cragin's body camera on the date of the incident.

(e)   Video from Officer Anthony Rodin's body camera on the date of the incident.

(f)   Minneapolis Police Department Case Report with Supplements for case no. MP-16-432812.

(g)   Letter from Jerri Kounce.

(h)   Photos of Plaintiff's injuries taken on or around the time of the incident.

**INTERROGATORY NO. 26:**

To Plaintiff: Identify the name, address, and current telephone for the other party on the call for each call listed on the jail phone log for time you were in jail following your arrest in this matter.

**ANSWER:** Plaintiff objects to this Interrogatory for the reason it seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

<u>432-638-0611</u>
Gabriel Lopez
c/o Martinez Hsu, P.C.
1601 E. Lamar Blvd. Ste. 114
Arlington, TX 76011
682-224-7810

<u>432-770-9762</u>
Ignacio Lopez
c/o Martinez Hsu, P.C.
1601 E. Lamar Blvd. Ste. 114
Arlington, TX 76011
682-224-7810

<u>612-821-1060</u>
John Ganley (Minneapolis Attorney)

<u>700-247-0082</u>
Case information line

<u>612-407-8500</u>
Unknown Plaintiff provided his phone code to a fellow inmate.

<u>612-720-3453</u>
Unknown Plaintiff provided his phone code to a fellow inmate.

<u>612-245-0228</u>
Unknown Plaintiff provided his phone code to a fellow inmate.

---

Plaintiff's Amended Responses to City Defendants'