UNITED STATES DISTRICT COURT DISTRICT OF MINNESOTA

| | |
|---|---|
| Anastacio Lemus Lopez, Plaintiff,<br>v.<br>Minnesota Vikings Football, LLC, et al.,<br>Defendants. | Case No. 17-cv-01179 (PAM/TNL)<br><br>**PLAINTIFF ANASTACIO LOPEZ'S AMENDED OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION BY CITY OF MINNEAPOLIS DEFENDANTS** |

TO: Defendants Russell Cragin, Anthony Rodin, Michael Grahn, Michael Fossum, Stephen McCarty, Janeé Harteau, and the City of Minneapolis (the "City Defendants"), by and through their attorneys of record, Sara J. Lathrop and Ivan Ludmer, Minneapolis City Attorney's Office, 350 South Fifth Street, Room 210, Minneapolis, MN 55415.

Plaintiff Anastacio Lopez serves his amended answers and objections to the Requests for Production by City of Minneapolis Defendants pursuant to Federal Rule of Civil Procedure 34.

Dated: 06/01/2018            s/ Michael S. Martinez

MICHAEL P. NADIMI (0397353)
The Nadimi Law Group, LLC
IDS Center 80 South 8th Street
Suite 900
Minneapolis, MN  55402
(612) 348-2925
mail@nadimilaw.com

MICHAEL S. MARTINEZ (pro hac vice)
Martinez Hsu, P.C.
4001 Airport Freeway, Suite 150
Bedford, Texas 76021
(682) 224-7810
msmartinez@mhlegalgroup.com

*Attorneys for Plaintiff Anastacio Lemus Lopez*

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

To all parties: Produce legible copies of all documents and statements relating to the facts and circumstances alleged in the Complaint or any of your affirmative defenses.

**Response**: Plaintiff objects to this Request as overly broad, global, and burdensome as it seeks to require Plaintiff to provide all documents and statements relating to his claims and defenses. Plaintiff objects to providing privileged emails or communications, or work product documents sent by or between or prepared by him and/or his attorneys.

In addition to documents previously provided, Plaintiff is supplementing with photos of various injuries, expense records related to travel to and from Minneapolis, payroll records as well as tax returns. (Please note, Plaintiff has also requested tax returns for 2015 and 2016 and will supplement upon receipt from IRS, further, Plaintiff has not yet filed his 2017 taxes.) Plaintiff has also provided medical releases to all Defendants.

**REQUEST FOR PRODUCTION NO. 2:**

To all parties: Produce legible copies of all documents, including photographs, reports, news programs, diagrams, physical evidence, or other things, of whatever kind, which concern or relate to the allegations in the Complaint or your affirmative defenses, including any allegations that you sustained injuries as a result of the incident described in the Complaint.

**Response**: Plaintiff objects to this Request as overly broad, global, and burdensome as it seeks to require Plaintiff to provide all documents and statements relating to his claims and defenses. Plaintiff objects to providing privileged emails or communications, or work product documents sent by or between or prepared by him and/or his attorneys.

In addition to documents previously provided, Plaintiff is supplementing with photos of various injuries expense records related to travel to and from Minneapolis, payroll records as well as tax returns. (Please note, Plaintiff has also requested tax returns for 2015 and 2016 and will supplement upon receipt from IRS, further, Plaintiff has not yet filed his 2017 taxes.) Plaintiff has also provided medical releases to all Defendants.

**REQUEST FOR PRODUCTION NO. 3:**

To all parties upon receipt of Interrogatories from City Defendants: Produce any and all documents identified in your Answers to City Defendants' Interrogatories or consulted by you in connection with the preparation of your Answers to the Interrogatories.

**Response:** Plaintiff objects to producing any communications between Plaintiff's attorneys, between Plaintiff's attorneys and Plaintiff, any documents created by or for Plaintiff's attorneys, any communications between Plaintiff's attorneys and any consulting expert, as these are protected from disclosure by attorney-client privilege and/or as work product. Non-privileged documents that are not work product are being produced.

**REQUEST FOR PRODUCTION NO. 4:**

To all parties: Produce any and all document identified, or that will be identified in, Rule 26 Initial Disclosures

**Response:** These have been previously produced with Plaintiff's Rule 26 Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 5:**

To Plaintiff: Produce legible copies of all documents that support your allegation that you suffered injuries and damages, as alleged in your Complaint, initial disclosures, or your Answers to Interrogatories.

**Response:** Plaintiff objects to this Request as overly broad, global, and burdensome as it seeks to require Plaintiff to provide all documents and statements relating to his claims and defenses. This request is also duplicative of requests 1, 2, 3, 7.

**REQUEST FOR PRODUCTION NO. 6:**

To Plaintiff: Produce legible copies of all documents relating or referring to any mental or psychological treatment, care or consultation you received, which you claim to the incident alleged in the Complaint.

**Response:** Plaintiff objects to this Request as overly broad, global, and burdensome as it seeks to require Plaintiff to provide all documents and statements relating to his claims and defenses. Plaintiff has provided a medical release for requested mental health records.

**REQUEST FOR PRODUCTION NO. 7:**

To Plaintiff: Produce legible copies of all medical reports, requests, recommendations, referrals, diagnoses, instructions, treatment, exams, prescriptions, expenses, costs, bills or billing statements, invoices, summaries or other writings or charts which in any way relate to the injuries you claim to have sustained as a result of the incident alleged in the Complaint.

**Response:** Plaintiff objects to this Request as overly broad, global, and burdensome as it seeks to require Plaintiff to provide all documents and statements relating to his claims and defenses. Plaintiff objects to providing privileged emails or communications, or work product documents sent by or between or prepared by him and/or his attorneys. Plaintiff has provided a medical release for requested medical records.

**REQUEST FOR PRODUCTION NO. 8:**

To all parties: Produce legible copies of each and every document, item or thing you intend to seek to introduce as a trial exhibit.

**Response:** Plaintiff objects to this Interrogatory to the extent it exceeds the scope of Plaintiff's obligations under the Federal Rules of Civil Procedure regarding the timing and substance of Plaintiff's trial exhibit disclosure. Plaintiff will fully comply with its obligations regarding trial exhibit identification and disclosures under the Federal Rules of Civil Procedure and the Court's Scheduling Order regarding same. Plaintiff supplements his previous production with medical releases.

**REQUEST FOR PRODUCTION NO. 9:**

To all parties: Produce any and all audio or video recordings of Plaintiff on the day of the incident complained of in the Complaint.

**Response:** Plaintiff objects to producing any recordings of conversations between Plaintiff and his attorneys as protected by attorney-client privilege.

Previously produced:
(a) Security video from Vikings Stadium on the date of the incident.
(b) Video from Officer Russell Cragin's body camera on the date of the incident.
(c) Video from Officer Anthony Rodin's body camera on the date of the incident.

**REQUEST FOR PRODUCTION NO. 10:**

To Plaintiff: Produce legible copies of all documents supporting your allegations in Paragraph 83 of the Complaint that Defendant City of Minneapolis (1) "[i]mproperly train[ed], authoriz[ed], encourage[ed], or direct[ed] officers and deputies to engage in excessive force including failure to provide adequate medical care, and/or condoning such actions;" and (2) "fail[ed] to instruct, supervise, control and discipline officers on continuing basis" regarding the duties described in Paragraph 83(b) of the Complaint.

**Response:** Plaintiff objects to this Request as overly broad, global, and burdensome as it seeks to require Plaintiff to provide all documents and statements relating to his claims and defenses.

**REQUEST FOR PRODUCTION NO. 11:**

To Plaintiff: Produce legible copies of all documents supporting your allegations in Paragraph 84 of the Complaint regarding the training that Defendants Cragin, Rodin, Grahn, Fossum, McCarty, and Moore allegedly acted consistently with.

**Response:** Plaintiff objects to this Request as overly broad, global, and burdensome as it seeks to require Plaintiff to provide all documents and statements relating to his claims and defenses.

**REQUEST FOR PRODUCTION NO. 12:**

To Plaintiff: Produce legible copies of all documents supporting your allegations of conspiracy in Paragraphs 87 and 88 of the Complaint.

**Response:** Plaintiff objects to this Request as overly broad, global, and burdensome as it seeks to require Plaintiff to provide all documents and statements relating to his claims and defenses.

**REQUEST FOR PRODUCTION NO. 13:**

To Plaintiff: Produce legible copies of all documents supporting your allegation that individual supervisors and supervisors across all named Defendants "failed to exercise the appropriate supervision, control, authority, training and/ or discipline."

**Response:** Plaintiff objects to this Request as overly broad, global, and burdensome as it seeks to require Plaintiff to provide all documents and statements relating to his claims and defenses.

**REQUEST FOR PRODUCTION NO. 14:**

To all parties: Produce legible copies of all documents containing or reflecting any communications you or your agents and representatives have had with other people relating to the incident alleged in the Complaint, including, but not limited to, witnesses to the incident alleged in the Complaint.

**Response:** Plaintiff objects to this Request as overly broad, global, and burdensome as it seeks to require Plaintiff to provide all documents and statements relating to his claims and defenses. Plaintiff objects to providing privileged emails or communications, or work product documents sent by or between or prepared by him and/or his attorneys.

**REQUEST FOR PRODUCTION NO. 15:**

To Plaintiff: Produce legible copies of all documents that you provided to or received from the Civilian Review Authority, Office of Police Conduct Review, City of Minneapolis' Department of Civil Rights, Internal Affairs Unit of the Minneapolis Police Department, any other department or representative

of the City of Minneapolis, and/ or the Hennepin County Attorney's Office.

**Response:** None except for discovery in this case.

## REQUEST FOR PRODUCTION NO. 16:

To Plaintiff: Fully executed authorizations for the release of the following records (blank authorizations enclosed):
    a.    All records of the Hennepin County Jail.
    b.    Medical records from all medical professionals from whom or institutions from which Plaintiff sought medical treatment or consultation since December 1, 2006, including any chemical dependency treatment records,
    c.    Emotional or psychological treatment records from all emotional or psychological professionals from whom or institutions from which Plaintiff sought emotional or psychological treatment or consultation since December 1, 2006.
    d.    Employment records of all employers that employed Plaintiff for the preceding 10 years.
    e.    Authorizations to obtain the state and federal tax returns for Plaintiff for the preceding 10 years.
    f.    Educational records for all educational institutions attended by Plaintiff.

**Response:** Plaintiff objects because requests for production cannot be used to compel an opposing party to sign an authorization for the release of records. *See, e.g., E.E.O.C. v. Randall Ford, Inc.*, 298 F.R.D. 573, 575 (W.D. Ark. 2014); *Fields v. West Virginia State Police*, 264 F.R.D. 260, 263 (S.D. W. Va. 2010); *Mills v. East Gulf Coal Preparation Co., LLC*, 259 F.R.D. 118, 133 (S.D. W. Va. 2009); *Klugel v. Clough*, 252 F.R.D. 53, 55 (D.D.C. 2008); *Becker v. Securitas Sec. Services USA, Inc.*, No. CIV. A. 06-2226, 2007 WL 677711, at *3 (D. Kan. March 2, 2007) *Clark v. Vega Wholesale Inc.*, 181 F.R.D. 470,471 (D. Nev. 1998). Plaintiff objects to providing access to his tax returns as well as his educational records, as this seeks information that is overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to providing access to the preceding 10 years of employment records as this seeks information that is overbroad, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. but will not oppose a subpoena to his employer LPZ Enterprises LLC to produce the past 2 years of employment records.  Plaintiff supplements this response with the medical releases produced on or about May 30, 2018 and June 1, 2018 as well as the photos of various injuries, expense records related to travel to and from Minneapolis, payroll records as well as tax returns. (Please note, Plaintiff has also requested tax returns for 2015 and 2016 and will supplement upon receipt from IRS, further, Plaintiff has not yet filed his 2017 taxes.).