UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Anastacio Lemus Lopez,<br><br>    Plaintiff,<br><br>vs.<br><br>Minneapolis Police Officers Russell Cragin, Anthony Rodin, Michael Grahn, Michael Fossum, Stephen McCarty, and Gerald Moore; Minneapolis Chief of Police Janeé Harteau; City of Minneapolis; Sheriff Richard W. Stanek; Hennepin County Attorney Michael O. Freeman; Hennepin County; Hennepin County Administrator David J. Hough; Monterrey Security Consultants, Inc.; Andrew Hodynsky; SMG; Minnesota Sports Facilities Authority; Minnesota Vikings Football Stadium, LLC; and Minnesota Vikings Football, LLC,<br><br>    Defendants. | 17-CV-01179 (PAM/TNL)<br><br><br><br>**CITY OF MINNEAPOLIS DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL** |

## INTRODUCTION

From the time Plaintiff filed his Complaint in April 2017 until the initial close of discovery in June 2018, he served no discovery requests on any defendant. Meanwhile, he has failed to respond at all to some discovery requests, and failed to respond adequately to others.

Defendants Russell Cragin, Anthony Rodin, Michael Grahn, Michael Fossum, Stephen McCarty, Gerald Moore, Janeé Harteau, and the City of Minneapolis (collectively, "City Defendants") move this Court to compel Plaintiff to supplement inadequate answers, compel Plaintiff to accept service for potential witnesses he said could be reached through his counsel without providing other contact information, and respond to ignored discovery requests. City Defendants also request reasonable expenses, including attorney's fees, incurred due to these failures.

## BACKGROUND

This case involves Plaintiff's claims related to an incident at a December 1, 2016, Minnesota Vikings game, the background of which has been described in various other motion practice. Relevant here, the incident allegedly resulted in medical damages, psychological damages, and lost wages for time at work missed and reassignment due to psychological issues. (Declaration of Sara J. Lathrop in Support of Motion to Compel ("Lathrop Decl.") Ex. A.)

### I.  Lopez fails to provide adequate (or any) response to City's discovery requests and subpoena.

On January 11, 2018, City Defendants served their first set of discovery requests on Plaintiff by U.S. mail. (Lathrop Decl. ¶ 3.) Plaintiff timely

responded on February 15, 2018, but the responses were deficient in many respects. (*Id.*) On May 1, 2018, City Defendants sent a second set of discovery requests.[1] (Lathrop Decl. Ex. B.)

On May 3, 2018, City Defendants sent a deficiency letter to Plaintiffs that addressed the deficiencies, including missing signatures, Plaintiff's failure to identify as witnesses Plaintiff's girlfriend and girlfriend's brother who were attended the Vikings game with Lopez, vagueness as to lost earnings, refusal to identify jail telephone call participants, failure to provide wage loss and treatment documentation, and failure to provide promised release authorizations. (Lathrop Decl. Ex. C.)

Plaintiff then sent amended answers and supplemental documents on June 1, 2018, that include the following:

> **REQUEST FOR PRODUCTION NO. 1:**
>
> To all parties: Produce legible copies of all documents and statements relating to the facts and

---

[1] Plaintiff also objected to providing employment records related to his wage loss claim, and instructed City Defendants to serve a subpoena on his employer, LPZ Enterprises. On May 1, 2018, the City Defendants subpoenaed these records from LPZ by serving Plaintiff's counsel, who agreed to accept service for LPZ (and is the registered agent for service of process for LPZ). To date, LPZ has sent neither objections nor responses, and City Defendants will be forced to bring a motion to compel in the local district under Rule 45.

circumstances alleged in the Complaint or any of your affirmative defenses.

**Response:** Plaintiff objects to this Request as overly broad, global, and burdensome as it seeks to require Plaintiff to provide all documents and statements relating to his claims and defenses. Plaintiff objects to providing privileged emails or communications, or work product documents sent by or between or prepared by him and/or his attorneys.

In addition to documents previously provided, Plaintiff is supplementing with photos of various injuries, expense records related to travel to and from Minneapolis, payroll records as well as tax returns. (Please note, Plaintiff has also requested tax returns for 2015 and 2016 and will supplement upon receipt from IRS, further, Plaintiff has not yet filed his 2017 taxes.) Plaintiff has also provided medical releases to all Defendants.

**REQUEST FOR PRODUCTION NO. 5:**

To Plaintiff: Produce legible copies of all documents that support your allegation that you suffered injuries and damages, as alleged in your Complaint, initial disclosures, or your Answers to Interrogatories.

**Response**: Plaintiff objects to this Request as overly broad, global, and burdensome as it seeks to require Plaintiff to provide all documents and statements relating to his claims and defenses. This request is also duplicative of requests 1, 2, 3, 7.

**REQUEST FOR PRODUCTION NO. 7:**

To Plaintiff: Produce legible copies of all medical reports, requests, recommendations, referrals, diagnoses, instructions, treatment, exams, prescriptions, expenses, costs, bills or billing

4

statements, invoices, summaries or other writings or charts which in any way relate to the injuries you claim to have sustained as a result of the incident alleged in the Complaint.

**Response**: Plaintiff objects to this Request as overly broad, global, and burdensome as it seeks to require Plaintiff to provide all documents and statements relating to his claims and defenses. Plaintiff objects to providing privileged emails or communications, or work product documents sent by or between or prepared by him and/or his attorneys. Plaintiff has provided a medical release for requested medical records.

**INTERROGATORY NO. 3:**

To all parties: Identify by name, address and telephone number each and every person known to you, or those acting on your behalf, who have knowledge of the facts and circumstances of the events and/ or injuries claimed in the Complaint or who claim to have such knowledge.

**ANSWER:** Plaintiff objects to this Interrogatory for the reason it is overly broad, global, and burdensome as it seeks to require Plaintiff to provide all facts relating to his injury and damage. Plaintiff does not object to providing its general factual contentions in this case but objects to this Interrogatory as worded.

…

Kevin Herrera
c/o Martinez Hsu, P.C.
1601 E. Lamar Blvd. Ste. 114
Arlington, TX 76011
682-224-7810

>   Kayla Herrera
>   c/o Martinez Hsu, P.C.
>   1601 E. Lamar Blvd. Ste. 114
>   Arlington, TX 76011
>   682-224-7810

(Lathrop Decl. Exs. D, E.)

At the same time, Plaintiff submitted additional documents. These included two pages of what appear to be purchases made in the week before and after the date of the incident, but that have several line items redacted without explanation and lack any identifying information about the account owner. (Lathrop Decl. Ex. F.) They also include pay stubs, but only for the period ending December 3, 2016 forward (two days after the incident that forms the basis of this lawsuit). (Lathrop Decl. ¶ 9.) It included no medical bills. (Lathrop Decl. ¶ 10.)

Plaintiff has not yet provided written responses or identified documents produced in response to the second set of requests for production. (Lathrop Decl. ¶ 4.)

## II. Meet-and-Confer Certification

On May 31, 2018, the parties met and conferred via telephone. (Lathrop Decl. ¶ 11.) During that conversation, Plaintiff's counsel changed course and stated that he did not represent Kevin and Kayla Herrera. (*Id.*) City Defendants' counsel asked Plaintiff's counsel to either provide contact

information for these witnesses or state unequivocally that he represents them. (Lathrop Decl. ¶ *Id.*)

On June 7, 2018, City Defendants sent a letter addressing remaining deficiencies, including as relevant here: (1) failure to provide pay stubs sufficient to evaluate Plaintiff's lost wages claim, (2) redactions on certain purchases that apparently relate to Plaintiff's damage claim, (3) lack of any medical bills, (4) failure to confirm that he would accept receipt of subpoenas for Mr. and Ms. Herrera, despite stating they could be contacted through his counsel's office, and (5) failure to provide responses to the City's second set of requests for production. (Lathrop Decl. Ex. G.)

The City Defendants did not receive a reply, so sent a follow-up email on June 20, 2018, informing Plaintiff that they would bring motion to compel if necessary. (Lathrop Decl. Ex. H.) On August 3, 2018, the City sent another email again noting lack of response and informing Plaintiff of the motion to compel hearing date, offering a final chance to address the issues. (*Id.*) Plaintiff's counsel then responded, saying he would be in touch early the following week. (*Id.*)

7

## ARGUMENT

I. **Standard**

Parties may generally "obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense." Fed. R. Civ. P. 26(b)(1). The scope of discovery is broad and encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see also Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). The burden of proof for resisting discovery lies on the objecting party "to clarify and explain their objections and to provide support for those objections." *John Doe I v. Mulcahy, Inc.*, Civ. No. 08-306 (DWF/SRN), 2008 WL 4572515, at *2 (D. Minn. Oct. 14, 2008) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D 467, 470 (N.D. Tex. 2005)). Determining the proper scope of discovery falls within the broad discretion of the trial court. *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 280 (8th Cir. 1995).

Unless otherwise stipulated to or ordered by the court, parties must answer interrogatories and respond to document requests within 30 days after their service. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2). Any objections that are not timely made are waived. Fed. R. Civ. P. 33(b)(4); *Cargill, Inc. v. Ron Burge Trucking, Inc.,* 284 F.R.D. 421, 424 (D. Minn.

2012). Under Rule 37, a party may request an order compelling disclosure and seeking sanctions up to and including dismissal of the Complaint if the opposing party fails to comply with the Rules for discovery. Fed. R. Civ. P. 37(a); *Holter v. Wells Fargo & Co.*, 281 F.R.D. 340, 344 (D. Minn. 2011).

II. **City Defendants are entitled to documents related to Lopez's wage loss claims.**

In his initial disclosures, Lopez claimed "[d]amages from lost work opportunities of approximately $7,000." (Lathrop Decl. Ex. A at 5.) In his Interrogatory responses, Lopez states that he "was forced to take 20 days off," that he "is no longer able to perform the duties of office manager at his place of work due to the distress this setting causes to him," that he has therefore "been forced to move to driving trucks because of his inability to interact with crowds/multiple people in a confined space," and as a result has "suffered lost earnings in the amount of $1,482.32 per month," in addition to "future earning capacity as a truck driver [that] is significantly lower than his future earning capacity as an office manager." (Lathrop Decl. Ex. D at 7.)

But when asked to provide "documents that support your allegation that you suffered injuries and damages," Lopez objected. (Lathrop Decl. Ex. E at 3.) For wages, he produced only pay stubs for the period ending December 3, 2016 – two days after the incident – forward. (Lathrop Decl. ¶ 9.) This is

not near enough to evaluate his claims of lost wages due to paid time off or reduction from previous wages. Lopez should be compelled to produce the prior two years of pay stubs.

### III. City Defendants are entitled to unredacted information about Lopez's damage claims.

Lopez produced two pages of what appear to be purchases from what appears to be a larger document, with numerous redactions and no explanation for them. (Lathrop Decl. Ex. F.) Lopez should be compelled to produce the whole original documents, or at least sufficient context to render them useful as exhibits, and without any redaction.

### IV. City Defendants are entitled to Lopez's medical bills.

In his initial disclosures, Lopez claimed "[v]arious medical invoices totaling approximately $5,000 (but are ongoing due to mental health issues)." (Lathrop Decl. Ex. A at 5.) Despite apparently having these invoices in his possession as early as September 2017, Lopez did not produce them with his initial disclosures or in response to any discovery request. He should be compelled to produce all invoices related to treatment arising from the incident.

V. **City Defendants are entitled to damages suffered due to Lopez's refusal to comply with discovery requirements.**

In his Amended Complaint, Lopez alleged that he was approached in the U.S. Bank stands by a uniformed Minneapolis police officer who ordered him to leave and accompany him to a security processing center inside the stadium. (Am. Compl. (Dkt. 93) ¶ 31.) He further alleges that he voluntarily did so. (*Id.* ¶ 32.) He also alleges that he consumed alcoholic beverages during the football game. (*Id.* ¶ 37.) But in his initial disclosure of witnesses, he did not identify anyone who had accompanied him to the football game. (Lathrop Decl. Ex. A.) He also failed to do so in his initial interrogatory responses. (*See* Lathrop Decl. Ex. C at 7.) When called to his attention, Lopez identified Kevin and Kayla Herrera, but did not provide their addresses, giving only his own counsel's address. (Lathrop Decl. Ex. D.) The City has been forced to use skip tracing services to locate addresses for personal service, costing $190. (Lathrop Decl. ¶ 14.)

VI. **City Defendants are entitled to responses to discovery requests.**

Lopez has not yet responded to City Defendants' second set of discovery requests or produced documents identified as responsive to those requests. (Lathrop Decl. ¶ 4.) He should be compelled to do so, and deemed to have waived objections to those requests. *See Cargill, Inc.,* 284 F.R.D. at 424.

11

## CONCLUSION

For these reasons, City Defendants respectfully request an order compelling disclosure of (a) the two years of Lopez's paystubs preceding the incident; (b) complete and unredacted purchase information; (c) medical invoices for all damage claims in this action; (d) addresses for Kayla and Kevin Herrera and/or an order deeming service on Lopez's counsel sufficient; and (e) full responses, without objection, to the City Defendants' second set of discovery requests. City Defendants further request the expenses, including reasonable attorney's fees, incurred in bringing this motion under Rule 37(a)(5) and fees and expenses including service and skip tracing incurred due to Plaintiff's failure to provide disclosures and discovery responses under Rule 37(b)(2)(C), in an amount to be determined by the Court but no less than $2,965 plus filing fees. (*See* Lathrop Decl. ¶ 14.)

Dated: August 8, 2018

SUSAN L. SEGAL
City Attorney
By:

*/s/Ivan Ludmer*
SARA J. LATHROP (310232)
IVAN LUDMER (398498)
Assistant City Attorney
350 South Fifth Street, Room 210
Minneapolis, MN  55415
612-673-2072
sara.lathrop@minneapolismn.gov
ivan.ludmer@minneapolismn.gov
*Attorneys for Defendants Russell Cragin, Anthony Rodin, Michael Grahn, Michael Fossum, Stephen McCarty, Gerald Moore; Janeé Harteau, and City of Minneapolis*