UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Anastacio Lemus Lopez,　　　　　　　　　　　Case No. 17-cv-1179 (PAM/TNL)

　　　　Plaintiff,

v.

Minnesota Vikings Football Club, LLC, *et al.*,

　　　　Defendants,

　　and　　　　　　　　　　　　　　　　　　　　**ORDER**

SMG,

　　　　Cross-Claim Plaintiff,

v.

City of Minneapolis, and
Monterrey Security Consultants, Inc.,

　　　　Cross-Claim Defendants.

---

Michael S. Martinez, Martinez Hsu, P.C., 4001 Airport Freeway, Suite 150, Bedford, TX 76021; and Michael Nadimi, The Nadimi Law Group LLC, 80 South Eighth Street, Suite 900, Minneapolis, MN 55402 (for Plaintiff); and

Heather Passe Robertson, Ivan M. Ludmer, and Sara J. Lathrop, Assistant City Attorneys, Minneapolis City Attorney's Office, 350 South Fifth Street, Room 210, Minneapolis, MN 55415 (for Defendants Janee Harteau, City of Minneapolis, Russell Cragin, Anthony Rodin, Michael Grahn, Stephen McCarty, Gerald Moore, and Michael Angelo Fossum).

---

　　　　This matter comes before the undersigned on the Motion to Compel (ECF No. 189) of Defendants Janee Harteau, City of Minneapolis, Russell Cragin, Anthony Rodin, Michael Grahn, Stephen McCarty, Gerald Moore, and Michael Angelo Fossum

1

(collectively, "City Defendants"). Plaintiff filed no opposition to the motion.

On June 20, 2018, the Court issued a Second Amended Pretrial Scheduling Order (ECF No. 182). The Court found "good cause for a limited extension of the pretrial deadlines in this matter" and Plaintiff's counsel were "*both strongly cautioned that the Court w[ould] not look favorably on future extension requests*." (ECF No. 182 at 3.) Per the Second Amended Pretrial Scheduling Order, fact discovery is to be completed by September 1, 2018.

Based upon the City Defendants' arguments, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the City Defendants' Motion to Compel (ECF No. 189) is **GRANTED** as follows:

1. **Within three days from the date of this Order**, Plaintiff shall provide address and contact information for Kayla and Kevin Herrera, individuals who accompanied Plaintiff to the Minnesota Vikings game where the alleged events occurred.[1]

2. **Within seven days from the date of this Order**, Plaintiff shall produce:

    a. Two years of his paystubs preceding December 1, 2016.

    b. Complete and unredacted purchase information related to Plaintiff's production marked Amended Production000001-02.[2]

    c. Medical invoices for all damage claims asserted in this action.

---

[1] *See* Fed. R. Civ. P. 26(a)(1)(A)(i).
[2] *See, e.g.*, *Burris v. Versa Prods., Inc.*, No. 07-cv-3938 (JRT/JJK), 2013 WL 608742, at *3 (D. Minn. Feb. 19, 2013) ("The practice of redacting for nonresponsiveness or irrelevance finds no explicit support in the Federal Rules of Civil Procedure, and the only bases for prohibiting a party from seeing a portion of a document in the Rules are claims of privilege or work-product protection."); *Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 452 (D. Minn. 2011) ("[T]he Federal Rules of Civil Procedure do not grant parties the power to unilaterally redact information on the basis of relevance.").

d. Full responses, without objection, to the "Requests for Production of Documents by City of Minneapolis Defendants, Set II," served by the City Defendants on May 1, 2018, over two months ago.[3]

3. Plaintiff shall pay the City Defendants' costs and reasonable attorney fees incurred in making the motion to compel.[4] Counsel for the City Defendants submitted a declaration in support of the motion to compel, stating that "the minimum cost [they] have incurred is $2,965, plus other costs and expenses including filing fees." (ECF No. 191 at 3.) First, there has been no objection. Second, a total of $2,965 is reasonable for attorney fees, costs, expenses, and the like incurred in connection with this motion. Therefore, Plaintiff shall pay $2,965 to the City Defendants.

4. The motion hearing scheduled for August 22, 2018 (ECF No. 190), is **STRICKEN** from this Court's calendar.

5. All prior consistent orders remain in full force and effect.

6. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: August  20 , 2018            *s/ Tony N. Leung*
                                   Tony N. Leung
                                   United States Magistrate Judge
                                   District of Minnesota


                                   *Lopez v. Minnesota Vikings Football Club, LLC et al.*
                                   Case No. 17-cv-1179 (PAM/TNL)

---

[3] *See* Fed. R. Civ. P. 34(b)(2)(A) (requiring a party to respond within 30 days after being served with a request).
[4] *See* Fed. R. Civ. P. 37(a)(5)(A).